# A

STATE OF MICHIGAN

20th CIRCUIT COURT FOR THE COUNTY OF OTTAWA

PATRICK J. VERMURLEN,

and

SHERRIE R. VERMURLEN

                        Plaintiffs

v.

AMERIQUEST MORTGAGE COMPANY, Mortgagee; AMC MORTGAGE SERVICES, Assignee; DEUTSCHE BANK NATIONAL TRUST COMPANY, as Assignee and/or Trustee of AMERIQUEST MORTGAGE SECURITIES, INC.

                        Defendants
                     Jointly and Severally

Case No: 06-56558 -CH

Hon. Calvin L. Bosman
Circuit Court Judge

Craig L. Monette (P-58420)
Attorney for Plaintiffs
316 Morris Ave, Suite 310
Muskegon, MI 49440
PH: (231) 725-6100
FAX: (231) 725-9112

## COMPLAINT AND DEMAND FOR JURY TRIAL

THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT PENDING IN THIS COURT, NOR HAS ANY SUCH ACTION BEEN PREVIOUSLY FILED AND DISMISSED OR TRANSFERRED AFTER HAVING BEEN ASSIGNED TO A JUDGE.

Plaintiffs, Patrick and Sherrie Vermurlen, by and through their attorney, Craig L. Monette, demand a trial by jury of each and every matter at issue in this case.

NOW COME Plaintiffs, by and through their counsel, Craig L. Monette, who state the following Complaint.

## COMMON ALLEGATIONS

1. Plaintiffs, Patrick J. and Sherrie R. Vermurlen (the "Vermurlens"), husband and wife, are residents of Ottawa County, MI and reside at 791 W. 26th St., Holland, MI 49423.

2. Defendant, Ameriquest Mortgage Company ("Ameriquest"), is established and doing business in Ottawa County, State of Michigan. Its registered agent and office are National Registered Agents, 712 Abbott Road, East Lansing, MI 48823.

3. Defendant, AMC Mortgages Services, Inc. is established and doing business in Ottawa County, State of Michigan. Its registered agent and office are National Registered Agents, 712 Abbot Road, East Lansing, MI 48823.

4. Based on information and belief, AMC Mortgage Services, Inc, is an affiliate of Ameriquest Mortgage Company and services loans originated by Ameriquest Mortgage Company.

5. Based on information and belief, Defendant, Deutsche Bank National Trust Company is an Assignee, Trustee and successor in interest of Ameriquest Mortgage Company.

6. Ottawa County is the proper venue for this action as the Plaintiffs live in Ottawa County and the real property at issue is located within Ottawa County.

7. This Court has jurisdiction over this claim as the amount in controversy exceeds $25,000 and the Plaintiffs seek injunctive relief.

8. In 2004, Defendant, Ameriquest Mortgage Company contacted the Vermurlens regarding a mortgage refinance on their home. Ameriquest stated that the Vermurlens' monthly mortgage payment would be less than their current loan.

9. Ameriquest also stated than an appraisal of the Vermurlens' home would be required in order for the loan to be processed.

10. Ameriquest's appraisal established the home's value at $161,000.

11. Based on information and belief, the appraiser from Ameriquest Mortgage Company inflated the appraisal of the home by substantially more than its true value.

12. Based on the inflated appraisal, Ameriquest issued a loan to the Vermurlens which closed on March 29, 2004.

13. The Vermurlens did not receive copies of the mortgage loan papers or any good faith estimates of the closing costs prior to closing the loan with Ameriquest.

14. A notary public closed the loan with the Vermurlens and did not give them the opportunity to review the documents.

15. Plaintiffs reviewed the loan after it was executed and determined that the loan contained significantly higher closing costs than they had been told to expect.

16. In addition, Plaintiffs were charged $7,380 as a 5% discount fee, but the interest rate on the loan was not lowered, rather it was increased from 7.448% to 9.074%. The Settlement statement is attached as Exhibit 1 and Borrower's Acknowledgment of Final Loan Terms is attached as Exhibit 2.

17. Plaintiffs were unable to make the increased payments and fell behind on their mortgage payments.

18. Plaintiffs have attempted to refinance their loan, but have not been able since they are significantly upside down on their mortgage. They owe much more on their house than it is worth based on Ameriquest's inflated appraisal.

19. Plaintiffs' home is now in foreclosure and a Sheriff's Sale has been scheduled on October 12, 2006 in the Grand Haven courthouse (Exhibit 3).

20. If the October 12 Sheriff's Sale is not enjoined, Plaintiffs will suffer irreparable harm, will incur additional costs and attorneys' fees and will lose their home due to the mortgage foreclosure sale.

**COUNT I – RECISSION BASED ON THE TRUTH IN LENDING ACT**

21. Plaintiffs incorporate by reference the allegations above.

22. Plaintiffs are a consumer as defined by the Truth in Lending Act (the "TILA"). 15 U.S.C. §1602(h).

23. Defendants are creditors as defined by the TILA, since they regularly extend or offer to extend consumer credit. 15 U.S.C. §1602(f).

24. Since the mortgage loan was secured by Plaintiffs' home and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 which states:

> (a) <u>Consumer's right to rescind</u>. (1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section. (2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business. (3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, which occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the act. (4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.
>
> (b) <u>Notice of right to rescind</u>. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following: (1) The retention or acquisition of a security interest in the consumer's principal dwelling. (2) The consumer's right to rescind the transaction. (3) How to exercise the right to rescind, with a form for that purpose, designated the address of the creditor's place of business. (4) The effects of rescission, as described in paragraph (d) of this section. (5) The date the recession period expires.

25. Ameriquest Mortgage Company failed to provide the required disclosures of the Plaintiffs' right to cancel within three days, in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23.

26. Plaintiffs were not given the proper Notice to Rescind form, since H-8 was used rather than H-9. (Exhibit 4).

27. Defendant also provided to Plaintiffs a One Week Notice of Right to Cancel. (Exhibit 5).

28. The delivery of two different notices of right to cancel is confusing, which results in lack of clear and conspicuous disclosure of the right to cancel.

29. The one-week cancellation notice is misleading since it only provides the borrower with six days to cancel.

30. Notice of rescission has been given to the Defendants. (Exhibit 6.)

WHEREFORE, Plaintiffs request that a judgment be entered against Defendants for: (a) A judgment voiding Plaintiffs' mortgage, capable of recordation in the public records and binding on Defendants; (b) Statutory damages for the underlying disclosure violation; (c) Statutory damages for failure to rescind; (d) Attorney's fees, litigations expenses and costs; (e) any other relief as the Court determines appropriate.

## COUNT II - MICHIGAN MORTGAGE BROKERS, LENDERS AND SERVICES LENDING ACT

31. Plaintiffs incorporate by reference the allegations above.

32. Defendants engaged in fraud, deceit and material misrepresentation in violation of MCLA §445.1672(b) by misrepresenting the value of Plaintiffs' property and charging a discount fee that was not used to lower the interest rate on the loan.

33. Defendants made the representation in the course of trade and commerce.

34. Plaintiffs were induced to proceed with the loan by means of this misrepresentation.

35. Plaintiffs would not have taken out the loan if they had reason to know that the appraisal was inflated and that they were borrowing at an extremely high loan-to-value ratio or that the discount points they were paying would not be used to lower the interest rate of the loan.

36. Plaintiffs were damaged as a result in that (1) they were charged and paid excess points, fees and interest stemming from the inflated value and (2) they have been prevented from refinancing out of the high loan-to-value loan, which was based on the inflated appraisal.

37. Due to the inflated appraisal, plaintiffs have incurred special damages that require a special remedy.

Wherefore, Plaintiffs request that this Court enter a judgment in their favor for: (a) A judgment voiding Plaintiffs' mortgage, capable of recordation in the public records, and binding on all defendants; (b) Appropriate

compensatory and punitive damages; (c) Appropriate special damages; and (d) Any other relief that this Court deem appropriate.

### COUNT III - BREACH OF CONTRACT

38. Plaintiffs incorporate the above allegations by reference.

39. Defendant Ameriquest contracted to provide a discounted interest rate if Plaintiffs paid a loan discount fee.

40. Plaintiffs paid the discount fee but did not receive a discounted rate.

41. Ameriquest breached the contract by not discounting the rate in the final loan.

Wherefore, Plaintiffs request that this Court enter judgment against Defendants for: (a) appropriate damages; (b) Costs and attorney's fees; (c) Any other relief that this Court deem appropriate.

### COUNT IV – VIOLATION OF MICHIGAN CONSUMER PROTECTION ACT

42. Plaintiffs incorporate by reference the allegations above.

43. The Michigan Consumer Protection Act states that a business is subject to liability if it causes a probability of confusion or of misunderstanding as to the terms or conditions of credit if credit is extended in the transaction. MCLA 445.903(o).

44. Defendants violated MCLA 445.903(o) when it increased the initial interest rate on the loan and did not discount the interest rate of the loan even though Plaintiffs paid a discount fee.

45. Defendants' actions caused Plaintiffs to become confused or misunderstand what the specific terms of the credit arrangement were.

Wherefore, Plaintiffs request that this Court enter judgment against Defendants for: (a) appropriate damages; (b) their costs and reasonable attorney fees pursuant to MCLA 445.911(2); (c) any other relief that this Court deem appropriate.

Dated: 10-5-06

Law Offices of Craig L. Monette, PLC

Craig L. Monette (P58420)
316 Morris Ave, Suite 310
Muskegon, MI 49440
231-725-6100

PLAINTIFF'S EXHIBIT __1__

| Settlement Statement<br>Optional Form for<br>Transactions without Sellers | U.S. Department of Housing<br>and Urban Development | | OMB Approval No. 2502-0491<br>WLI | |
|---|---|---|---|---|
| Name & Address of Borrower<br>Patrick J Vermurlen    Sherrie R Schofield<br><br>791 W 26th St # W    Holland, MI 49423 | | Name & Address of Lender<br>Ameriquest Mortgage Company<br>10600 White Rock Road Suite 20-24<br>Rancho Cordova, CA 95670 | | |
| Property Location (if different from above)<br>791 W 25TH ST # W HOLLAND MI 49423 | | Settlement Agent LENDER'S FIRST CHOICE<br>Place of Settlement 3850 ROYAL AVE SIMI VALLEY, CA 93063 | | |

| L.    Settlement Charges | | | | |
|---|---|---|---|---|
| 800. Items Payable in Connection with Loan | | Loan Number:<br>0072954704 - 7424 | Settlement Date: Estimated<br>04/05/2004 | |
| 801 Loan origination fee     % to | | | | |
| 802 Loan discount 5.000 % to Ameriquest Mortgage Company | $7,380.00 | M.    Disbursement to Others | | |
| 803 Apprsl/Prop Val to appraisal one of michigan | $350.00 | 1501<br>AMERIQUEST | | $123,567.70 |
| 804 Credit report to | | | | |
| 805 Inspection fee to | | 1502<br>HAZARD INSURANCE | (W) | $607.00 |
| 806 | | | | |
| 807 | | 1503<br>TAXES | (W) | $213.60 |
| 808 Yield Spread Premium to | | | | |
| 809 | | 1504 | | |
| 810 Tax Related Service Fee to Ameriquest Mortgage | $35.00 | | | |
| 811 Flood Search Fee to Ameriquest Mortgage Company | $16.00 | 1505 | | |
| 812 Lenders Processing Fee to Ameriquest Mortgage | $626.00 | | | |
| 813 Admin to Ameriquest Mortgage Company | $239.00 | 1506 | | |
| 814 Doc Prep Fee to | | | | |
| 815 Credit Report Fee to | | 1507 | | |
| 816 Origination Fee     % to | | | | |
| 817 Application Fee to Ameriquest Mortgage Company | $350.00 | 1508 | | |
| 818 Underwriting Fee to | | | | |
| 819 Service Provider Fee to | | 1509 | | |
| 820 Processing Fee to | | | | |
| 821 Underwriting Fee to | | 1510 | | |
| 822 Appraisal Fee to | | | | |
| 900. Items Required by Lender to be Paid in Advance | | 1511 | | |
| 901 Interest from 04/05/2004 to 05/01/2004 @ $33.77 per day | $878.02 | | | |
| 902 Mortgage insurance premium for    months to | | 1512 | | |
| 903 Hazard ins prem to | $0.00 | | | |
| 904 Flood Ins prem to | | 1513 | | |
| 1000. Reserves Deposited with Lender | | | | |
| 1001 Hazard insurance    months @ $    per month | | 1514 | | |
| 1002 Mortgage insurance    months @ $    per month | | | | |
| 1003 Earthquake ins    months @ $    per month | | 1515 | | |
| 1004 County prop taxes    months @ $    per month | | | | |
| 1005 Annual assess    months @ $    per month | | 1520 TOTAL DISBURSED (enter on line 1603) | | $124,388.30 |
| 1006 Flood    months @ $    per month | | | | |
| 1007 Windstorm ins    months @ $    per month | | Total Wire    $13,923.28 | | |
| 1008 | | | | |
| 1100. Title Charges | | | | |
| 1101 Settlement or closing fee to AMTS SIGNING | $225.00 | | | |
| 1102 Abstract or title search to LENDER'S FIRST CHOICE | $175.00 | | | |
| 1103 Title examination to | | | | |
| 1104 Title insurance binder to | | | | |
| 1105 Document preparation to | | | | |
| 1106 Notary fees to | | | | |
| 1107 Attorney's fees to | | | | |
| 1108 Title insurance to LENDER'S FIRST CHOICE | $614.00 | | | |
| 1109 Lender's coverage    $614.00 | | | | |
| 1110 Owner's coverage    $ | | | | |
| 1111 Settlement/Disbursement fee to LENDER'S FIRST | $505.00 | 77777777070707000076765242717744400765241<br>56337554220733315616471054007560437 37760<br>12230774241737560100107471516222456 10007 | | |
| 1112 Escrow Fee to | | | | |
| 1200. Government Recording and Transfer Charges | | | | |
| 1201 Recording fees | $71.00 | | | |
| 1202 City/county tax/stamps | | N    NET SETTLEMENT | | |
| 1203 State tax stamps | | | | |
| 1204 State specific fee | | 1600 Loan Amount | | |
| 1205 State specific fee | | | | 147,600.00 |
| 1300. Additional Settlement Charges | | 1601 Plus Cash/Check from Borrower | | |
| 1301 Demand to | | | | |
| 1302 Pest inspection to | | 1602 Minus Total Settlement Charges<br>(line 1400) | | $11,524.02 |
| 1303 Survey Fee | | | | |
| 1304 Staff Appraiser Fee | | 1603 Minus Total Disbursements to Others<br>(line 1520) | | $124,388.30 |
| 1305 Reconveyance Fee to | | | | |
| 1306 | | 1604 Equals Disbursements to Borrower<br>(after expiration of any applicable rescission<br>period) | | |
| 1307 Property Val Fee to | | | | |
| 1308 Courier Fee | $50.00 | | | $11,687.68 |
| 1400. Total Settlement Charges (enter on line 1602) | $11,524.02 | | | |

Borrower(s) Signature(s)

X _____

Approved for Funding By          Approved          Branch    Rancho Cordova CA 95670

Ameriquest Mortgage Company
10600 White Rock Road, Suite 20-24
Rancho Cordova, CA 95670

PLAINTIFF'S EXHIBIT __2__

(916)853-4724

## BORROWER'S ACKNOWLEDGMENT OF FINAL LOAN TERMS

Patrick J. Vermurlen
Sherrie R. Schofield

Date: March 29, 2004
Notice: [X] Delivered  [ ] Mailed
Loan Number 0072954704 - 7424
Description of Credit Request:

791 W. 26th St # W
Holland, MI 49423

[X] 1st Trust Deed/Mortgage   [ ] 2nd Trust Deed/Mortgage
[ ] Other: _____

Property Address: 791 W 26TH ST # W
HOLLAND, MI 49423            County of OTTAWA

**TYPE OF TRANSACTION:**
[ ] Purchase    [X] Refinance    [ ] Other _____

| ORIGINAL LOAN TERMS REQUESTED | FINAL LOAN TERMS: |
|---|---|
| [X] Fixed Rate Loan   [ ] Adjustable Rate Loan | [ ] Fixed Rate Loan   [X] Adjustable Rate Loan |
| Amount Financed: $ 139,775.32 | Amount Financed: $ 137,285.98 * |
| Settlement Charges: $ 7,682.68 (Includes all Prepaid Finance Charges) | Settlement Charges: $ 11,524.02 (Includes all Prepaid Finance Charges) |
| Loan Amount: $ 146,608.00 | Loan Amount: $ 147,600.00 |
| Annual Percentage Rate: 7.448 % | Annual Percentage Rate: 9.074 %* |
| Term: 360 | Term: 360 |
| Initial Interest Rate: 6.990 % | Initial Interest Rate: 8.350 % |
| Margin: 0.000 % | Margin: 6.250 % |
| Prepayment Penalty: [X] YES [ ] NO | Prepayment Penalty: [X] YES [ ] NO |

Borrower(s) and Ameriquest Mortgage Company hereby acknowledge that "Final Loan Terms" stated above are based exclusively on information, statements, and representations (all material facts) which have been provided by the borrower(s) which the Lender has relied upon to make this acknowledgement. These "Final Loan Terms" may change prior to loan settlement if Lender subsequently determines or becomes aware of any changes in these material facts. Borrower(s) also acknowledges that if the "Final Loan Terms" change due to a change of material facts, that Lender may require new loan documents to be executed by the borrower(s).

_____  _____    _____  _____
Borrower Patrick J. Vermurlen    Date    Borrower Sherrie R. Schofield    Date

_____  _____    _____  _____
Borrower                Date    Borrower                Date

*These amounts may change due to any final adjustments made to the prepaid interest amount collected on your loan at funding.

The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided that the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any rights under the Consumer Credit Protection Act. The Federal agency that administers compliance with this law concerning this creditor is the FEDERAL TRADE COMMISSION, EQUAL CREDIT OPPORTUNITY, ROOM 4037, WASHINGTON DC, 20580.

77777777070707000076752427177444400775350
56337444230733315616471054007560437377760
12230756043737750122307773525102555530107
000000-2954704040465010T

TMTCD Rev 1/99

791 West 26th St #W, Holland, MI

THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE. PLEASE CONTACT OUR OFFICE AT THE NUMBER BELOW IF YOU ARE IN ACTIVE MILITARY DUTY.

PLAINTIFF'S EXHIBIT __3__.

☐MORTGAGE SALE - Default has been made in the conditions of a mortgage made by Patrick J. Vermurlen, a single man, and Sherrie R. Schofield, a single woman as joint tenants, to Ameriquest Mortgage Company, Mortgagee, dated March 29, 2004 and recorded June 8, 2004 in Liber 4548, Page 340, Ottawa County Records, Michigan. Said mortgage is now held by Deutsche Bank National Trust Company, as Trustee to Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R6 under the Pooling & Servicing Agreement dated as of June 1, 2004 Without Recourse by assignment. There is claimed to be due at the date hereof the sum of One Hundred Sixty-Two Thousand Eight Hundred Eighty-Two and 37/100 Dollars ($162,882.37) including interest at 8.35% per annum.

☐Under the power of sale contained in said mortgage and the statute in such case made an provided, notice is hereby given that said mortgage will be foreclosed by a sale of the mortgaged premises, or some part of them, at public vendue at the

West door of the Courthouse in Grand Haven, MI in Ottawa County, Michigan at 10:00 a.m. on OCTOBER 12, 2006.

☐Said premises are located in the City of Holland, Ottawa County, Michigan, and are described as:

The East 97.30 feet of the West 165.00 feet of the South 150.00 feet of Lot 17, Heneveld's Supervisor's Plat No. 13, Park Township (now City of Holland) Ottawa County Michigan as recorded in Liber 9 of Plats, Page 4 Ottawa County Records.

☐The redemption period shall be 6 months from the date of such sale, unless determined abandoned in accordance with MCLA §600.3241a, in which case the redemption period shall be 30 days from the date of such sale. TO ALL PURCHASERS: The foreclosing mortgagee can rescind the sale. In that event, your damages, if any, are limited solely to the return of the bid amount tendered at sale, plus interest.

Dated: September 14, 2006
Orlans Associates, P.C.
Attorneys for Servicer
P.O. Box 5041
Troy, MI 48007-5041
(248) 457-1000    File No. 214.2973

Received
8 9/22/2006
after 5pm

PLAINTIFF'S EXHIBIT __4__

## NOTICE OF RIGHT TO CANCEL

LENDER   Ameriquest Mortgage Company

DATE:  March 29, 2004
LOAN NO:  0072954704 - 7424
TYPE   ADJUSTABLE RATE

BORROWER(S): Patrick J Vermurlen     Sherrie R Schofield

ADDRESS:        791 W 26th St # W
CITY/STATE/ZIP:  Holland, MI 49423

PROPERTY   791 W 26TH ST # W
           HOLLAND, MI 49423

You are entering into a transaction that will result in a mortgage/lien/security interest on your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

**ENTER DOCUMENT SIGNING DATE**

1. The date of the transaction, which is    March 29th 2004

   or
2. The date you received your Truth in Lending disclosures;
   or
3. The date you received this notice of your right to cancel

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on your home has been cancelled, and we must return to you any money or property you have given to us or anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

---

**HOW TO CANCEL**

If you decide to cancel this transaction, you may do so by notifying us in writing, at:

Ameriquest Mortgage Company
1100 Town and Country Road, Suite 200
Orange, CA 92868

ATTN:  FUNDING
PHONE:  (714)541-9960
FAX:    (800)664-2256

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights

**ENTER FINAL DATE TO CANCEL**

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of     April 1st 2004

(or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time
**I WISH TO CANCEL**

SIGNATURE _____     DATE _____

---

The undersigned each acknowledge receipt of two copies of this NOTICE OF RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure Statement, all given by lender in compliance with Truth in Lending Simplification and Reform Act of 1980 (Public Law 96-221).

Each borrower in this transaction has the right to cancel. The exercise of this right by one borrower shall be effective to all borrowers

_/s/ Patrick J Vermurlen_  3/29/04          _/s/ Sherrie R Schofield_  3/29/04
BORROWER/OWNER Patrick J Vermurlen    Date    BORROWER/OWNER Sherrie R Schofield    Date

BORROWER/OWNER _____ Date      BORROWER/OWNER _____ Date

**BORROWER COPY**

03/29/2004 9:25:18 AM

PLAINTIFF'S EXHIBIT __4__

## NOTICE OF RIGHT TO CANCEL

LENDER   Ameriquest Mortgage Company

DATE:  March 29, 2004
LOAN NO:  0072954704 - 7424
TYPE   ADJUSTABLE RATE

BORROWER(S): Patrick J Vermurlen     Sherrie R Schofield

ADDRESS:        791 W 26th St # W
CITY/STATE/ZIP:  Holland, MI 49423

PROPERTY   791 W 26TH ST # W
           HOLLAND, MI 49423

You are entering into a transaction that will result in a mortgage/lien/security interest on your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

**ENTER DOCUMENT SIGNING DATE**

1. The date of the transaction, which is    March 29th 2004

   or
2. The date you received your Truth in Lending disclosures;
   or
3. The date you received this notice of your right to cancel

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on your home has been cancelled, and we must return to you any money or property you have given to us or anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

---

**HOW TO CANCEL**

If you decide to cancel this transaction, you may do so by notifying us in writing, at:

Ameriquest Mortgage Company
1100 Town and Country Road, Suite 200
Orange, CA 92868

ATTN:  FUNDING
PHONE:  (714)541-9960
FAX:    (800)664-2256

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights

**ENTER FINAL DATE TO CANCEL**

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of     April 1st 2004

(or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time
**I WISH TO CANCEL**

SIGNATURE _____     DATE _____

---

The undersigned each acknowledge receipt of two copies of this NOTICE OF RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure Statement, all given by lender in compliance with Truth in Lending Simplification and Reform Act of 1980 (Public Law 96-221).

Each borrower in this transaction has the right to cancel. The exercise of this right by one borrower shall be effective to all borrowers

_/s/ Patrick J Vermurlen_  3/29/04          _/s/ Sherrie R Schofield_  3/29/04
BORROWER/OWNER Patrick J Vermurlen    Date    BORROWER/OWNER Sherrie R Schofield    Date

BORROWER/OWNER _____ Date      BORROWER/OWNER _____ Date

**BORROWER COPY**

03/29/2004 9:25:18 AM

PLAINTIFF'S EXHIBIT __65__

## ONE WEEK CANCELLATION PERIOD

Loan Number 0072954704 - 7424  
Date: March 29 2004

Borrower(s): Patrick J. Vermurlen  
Sherrie R. Schofield

**You have the right under Federal or state law to three (3) business days during which you can cancel your loan for any reason.** This right is described in the Notice of Right to Cancel you have received today

Ameriquest Mortgage Company believes that a loan secured by your home is one of the most important financial decisions you can make. To give you more time to study your loan documents, obtain independent advice and/or shop for a loan that you believe suits you better, **we provide you with one-week (which includes the day you sign the loan documents) to cancel the loan with no cost to you**. No money will be disbursed before 10:00 a.m. on the first business day after this period expires. Business days are Monday through Friday, excluding federal legal holidays.

For example, if your loan closes on a Tuesday, you could cancel from that Tuesday through midnight of the following Monday

If you want to cancel, you must do so in writing and we must receive your request before midnight on the day the cancellation period ends. You may cancel by signing and dating in the request to cancel box below or by using any other written statement that provides your loan number and states your desire to cancel your loan. The written statement must be signed and dated by any one borrower. Your request must be delivered to:

Ameriquest Mortgage Company  
1100 Town and Country Road, Suite 200 Orange CA 92868  
ATTN: Funding Department  
Phone: (714)541-9960  
Fax: (800)664-2256

When you sign below, it means that you have received and read a copy of this notice and you understand what is printed above

I/We hereby acknowledge receiving a copy of this notice on the date signed below.


Borrower/Owner  Patrick J. Vermurlen          Date


Borrower/Owner  Sherrie R. Schofield           Date


Borrower/Owner                                 Date


Borrower/Owner                                 Date

---
**REQUEST TO CANCEL**  
I/We want to cancel loan # _____.

Borrower/Owner Signature                       Date

---

77777777070707000076765242717744400775350
56337444230733315616471054007560437377760
12230756043737760122307662507010757300007
0000072954704040422010

03/29/2004 9:25:18 AM

**BORROWER COPY**

LAW OFFICES OF      PLAINTIFF'S EXHIBIT __6__.
# CRAIG L. MONETTE, PLC

October 4, 2006

Ameriquest Mortgage Company            *Via Certified Mail*
c/o National Registered Agents, Inc.
712 Abbot Road
East Lansing, MI 48823

AMC Mortgage Services
c/o National Registered Agents, Inc.
712 Abbot Road
East Lansing, MI 48823

Deutsche Bank National Company
c/o Orlans Associates, PC
PO Box 5041
Troy, MI 48007-5041

Re: Notice of rescission, claim and lien, Patrick J. Vermurlen & Sherrie R. Vermurlen, 791 W. 26th St., Holland, MI 49423, Loan Number 0072954704 & Loan Number 0038141230

To Whom It May Concern:

Patrick J. Vermurlen & Sherrie R. Vermurlen herby give notice that they rescind the above loans for noncompliance with the Truth in Lending Act. Please note that this law firm has been retained by the Vermurlens to file suit against you and that we claim a lien upon said recovery for 1/3 or such amount the court awards. If you claim that the owner of the loan is other than Ameriquest Mortgage Company or Ameriquest Mortgage Securities, Inc, please identify the owner pursuant to 15 USC §1641(d). Also, please provide an account history so that the proper amount to be tendered may be computed.

Sincerely,

*[signature]*
Craig L. Monette