UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK J. VERMURLEN and SHERRIE R. VERMURLEN,

    Plaintiffs,

vs.

AMERIQUEST MORTGAGE COMPANY, Mortgagees; AMC MORTGAGE SERVICES, Assignee; DEUTSCHE BANK NATIONAL TRUST COMPNY, as Assignee and/or Trustee of AMERIQUEST MORTGAGE SECURITIES, INC.,

    Defendant.

Case No. 1:06 CV0828

Honorable **Wendell A. Miles Senior, U.S. District Judge**

---

| | |
|---|---|
| Craig L. Monette (P58420)<br>Attorney for Plaintiff<br>316 Morris Ave., Suite 310<br>Muskegon, MI 49440<br>231-725-6100 | Mark D. van der Laan (P55921)<br>Sarah E. Heineman (P66202)<br>Attorneys for Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Deutsche Bank National Trust Company, and Ameriquest Mortgage Securities, Inc.<br>Dykema Gossett PLLC<br>300 Ottawa Avenue N.W., Suite 700<br>Grand Rapids, MI 49503<br>(616) 776-7500 |

**DEFENDANTS AMERIQUEST MORTGAGE COMPANY, AMC MORTGAGE SERVICES, INC., DEUTSCHE BANK NATIONAL TRUST COMPANY, AND AMERIQUEST MORTGAGE SECURITIES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

    Defendants Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Ameriquest Mortgage Securities, Inc., and Deutsche Bank National Trust Company, by counsel, Dykema Gossett PLLC, for their Answer and Affirmative Defenses to Plaintiffs' Complaint, state as follows:

## COMMON ALLEGATIONS

1. Plaintiffs, Patrick J. and Sherrie R. Vermurlen (the "Vermurlens"), husband and wife, are residents of Ottawa County, MI and reside at 791 W. 26th St., Holland, MI 49423.

**ANSWER:** Defendants Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Ameriquest Mortgage Securities, Inc., and Deutsche Bank National Trust Company neither admit nor deny the allegations stated in paragraph 1 because they lack knowledge and information on which to base a responsive pleading.

2. Defendant, Ameriquest Mortgage Company ("Ameriquest"), is established and doing business in Ottawa County, State of Michigan. Its registered agent and office are National Registered Agents, 712 Abbott Road, East Lansing, MI 48823.

**ANSWER:** Defendants Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Ameriquest Mortgage Securities, Inc., and Deutsche Bank National Trust Company admit that Ameriquest Mortgage Company does business in Michigan including in Ottawa County and its registered agent is National Registered Agents.

3. Defendant, AMC Mortgages Services, Inc. is established and doing business in Ottawa County, State of Michigan. Its registered agent and office are National Registered Agents, 712 Abbot Road, East Lansing, MI 48823.

**ANSWER:** Defendants Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Ameriquest Mortgage Securities, Inc., and Deutsche Bank National Trust Company admit that AMC Mortgage Services, Inc. does business in Michigan including in Ottawa County and its registered agent is National Registered Agents.

4. Based on information and belief, AMC Mortgage Services, Inc., is an affiliate of Ameriquest Mortgage Company and services loans originated by Ameriquest Mortgage Company.

**ANSWER:** Defendants Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Ameriquest Mortgage Securities, Inc., and Deutsche Bank National Trust Company deny that AMC Mortgage Services, Inc. is an affiliate of Ameriquest Mortgage Company, and admit that AMC Mortgage Services, Inc. services loans, some of which have been originated by Ameriquest Mortgage Company.

5. Based on information and belief, Defendant, Deutsche Bank National Trust Company is an Assignee, Trustee and successor in interest of Ameriquest Mortgage Company.

**ANSWER:** Denied.

6. Ottawa County is the proper venue for this action as the Plaintiffs live in Ottawa County and the real property at issue is located within Ottawa County.

**ANSWER:** Because paragraph 6 makes conclusions of law, no answer is required.

7. This Court has jurisdiction over this claim as the amount in controversy exceeds $25,000 and the Plaintiffs seek injunctive relief.

**ANSWER:** Because paragraph 7 makes conclusions of law, no answer is required.

8. In 2004, Defendant, Ameriquest Mortgage Company contacted the Vermurlens regarding a mortgage refinance on their home. Ameriquest stated that the Vermurlens' monthly mortgage payment would be less than their current loan.

**ANSWER:** Defendants Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Ameriquest Mortgage Securities, Inc., and Deutsche Bank National Trust Company neither admit nor deny the allegations stated in paragraph 8 because they lack knowledge and information on which to base a responsive pleading.

9. Ameriquest also stated than an appraisal of the Vermurlens' home would be required in order for the loan to be processed.

**ANSWER:** Admitted.

10. Ameriquest's appraisal established the home's value at $161,000.

**ANSWER:** Defendants Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Ameriquest Mortgage Securities, Inc., and Deutsche Bank National Trust Company submit that the referenced document speaks for itself and neither admit nor deny the remaining allegations stated in paragraph 10 because they lack knowledge and information on which to base a responsive pleading.

11. Based on information and belief, the appraiser from Ameriquest Mortgage Company inflated the appraisal of the home by substantially more than its true value.

3

**ANSWER:** Defendants Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Ameriquest Mortgage Securities, Inc., and Deutsche Bank National Trust Company neither admit nor deny the allegations stated in paragraph 11 because they lack knowledge and information on which to base a responsive pleading.

12. Based on the inflated appraisal, Ameriquest issued a loan to the Vermurlens which closed on March 29, 2004.

**ANSWER:** Defendants Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Ameriquest Mortgage Securities, Inc., and Deutsche Bank National Trust Company admit only that Ameriquest Mortgage Company closed a loan with plaintiffs on March 29, 2004, and neither admit nor deny the remaining allegations stated in paragraph 12 because they lack knowledge and information on which to base a responsive pleading.

13. The Vermurlens did not receive copies of the mortgage loan papers or any good faith estimates of the closing costs prior to closing the loan with Ameriquest.

**ANSWER:** Defendants Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Ameriquest Mortgage Securities, Inc., and Deutsche Bank National Trust Company neither admit nor deny the allegations stated in paragraph 13 because they lack knowledge and information on which to base a responsive pleading.

14. A notary public closed the loan with the Vermurlens and did not give them the opportunity to review the documents.

**ANSWER:** Defendants Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Ameriquest Mortgage Securities, Inc., and Deutsche Bank National Trust Company neither admit nor deny the allegations stated in paragraph 14 because they lack knowledge and information on which to base a responsive pleading.

15. Plaintiffs reviewed the loan after it was executed and determined that the loan contained significantly higher closing costs than they had been told to expect.

**ANSWER:** Defendants Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Ameriquest Mortgage Securities, Inc., and Deutsche Bank National Trust Company neither admit nor deny the allegations stated in paragraph 15 because they lack knowledge and information on which to base a responsive pleading.

16. In addition, Plaintiffs were charged $7,380 as a 5% discount fee, but the interest rate on the loan was not lowered, rather it was increased from 7.448% to 9.074%. The

Settlement statement is attached as Exhibit 1 and Borrower's Acknowledgment of Final Loan Terms is attached as Exhibit 2.

**ANSWER:** Defendants Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Ameriquest Mortgage Securities, Inc., and Deutsche Bank National Trust Company submit that the referenced document speaks for itself, deny that the interest rate was not lowered for payment of the loan discount, and neither admit nor deny the remaining allegations stated in paragraph 16 because they lack knowledge and information on which to base a responsive pleading.

17. Plaintiffs were unable to make the increased payments and fell behind on their mortgage payments.

**ANSWER:** Defendants Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Ameriquest Mortgage Securities, Inc., and Deutsche Bank National Trust Company neither admit nor deny the allegations stated in paragraph 17 because they lack knowledge and information on which to base a responsive pleading.

18. Plaintiffs have attempted to refinance their loan, but have not been able since they are significantly upside down on their mortgage. They owe much more on their house than it is worth based on Ameriquest's inflated appraisal.

**ANSWER:** Defendants Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Ameriquest Mortgage Securities, Inc., and Deutsche Bank National Trust Company neither admit nor deny the allegations stated in paragraph 18 because they lack knowledge and information on which to base a responsive pleading.

19. Plaintiffs' home is now in foreclosure and a Sheriff's Sale has been scheduled on October 12, 2006 in the Grand Haven courthouse (Exhibit 3).

**ANSWER:** Defendants Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Ameriquest Mortgage Securities, Inc., and Deutsche Bank National Trust Company neither admit nor deny the allegations stated in paragraph 19 because they lack knowledge and information on which to base a responsive pleading.

20. If the October 12 Sheriff's Sale is not enjoined, Plaintiffs will suffer irreparable harm, will incur additional costs and attorneys' fees and will lose their home due to the mortgage foreclosure sale.

**ANSWER:** Because paragraph 20 makes conclusions of law, no answer is required.

## COUNT I - RESCISSION BASED ON THE TRUTH IN LENDING ACT

21. Plaintiffs incorporate by reference the allegations above.

**ANSWER:** Defendants Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Ameriquest Mortgage Securities, Inc., and Deutsche Bank National Trust Company restate their answers to paragraphs 1-20 in answer to this paragraph.

22. Plaintiffs are a consumer as defined by the Truth in Lending Act (the "TILA") 15 U.S.C. §1602(h).

**ANSWER:** Because paragraph 22 makes conclusions of law, no answer is required.

23. Defendants are creditors as defined by the TILA, since they regularly extend or offer to extend consumer credit. 15 U.S.C. §1602(f).

**ANSWER:** Because paragraph 23 makes conclusions of law, no answer is required.

24. Since the mortgage loan was secured by Plaintiffs' home and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 which states:

> (a) <u>Consumer's right to rescind</u>. (1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section. (2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business. (3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, which occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the act. (4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b) <u>Notice of right to rescind</u>. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following: (1) The retention or acquisition of a security interest in the consumer's principal dwelling. (2) The consumer's right to rescind the transaction. (3) How to exercise the right to rescind, with a form for that purpose, designated the address of the creditor's place of business. (4) The effects of rescission, as described in paragraph (d) of this section. (5) The date the recession period expires.

**ANSWER:**   Because paragraph 24 makes conclusions of law, no answer is required.

25.   Ameriquest Mortgage Company failed to provide the required disclosures of the Plaintiffs' right to cancel within three days, in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23.

**ANSWER:**   Denied.

26.   Plaintiffs were not given the proper Notice to Rescind form, since H-8 was used rather than H-9. (Exhibit 4).

**ANSWER:**   Denied.

27.   Defendant also provided to Plaintiffs a One Week Notice of Right to Cancel. (Exhibit 5).

**ANSWER:**   Defendants Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Ameriquest Mortgage Securities, Inc., and Deutsche Bank National Trust Company submit that the referenced document speaks for itself and neither admit nor deny the allegations stated in paragraph 27 because they lack knowledge and information on which to base a responsive pleading.

28.   The delivery of two different notices of right to cancel is confusing, which results in lack of clear and conspicuous disclosure of the right to cancel.

**ANSWER:**   Denied.

29.   The one-week cancellation notice is misleading since it only provides the borrower with six days to cancel.

**ANSWER:**   Denied.

7

30. Notice of rescission has been given to the Defendants. (Exhibit 6.)

**ANSWER:** Because paragraph 30 makes conclusions of law, no answer is required. If any answer is required, Defendants Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Ameriquest Mortgage Securities, Inc., and Deutsche Bank National Trust Company deny any liability to plaintiffs, deny that they are entitled to rescind their loan, and deny that they are entitled to any recovery in this action.

WHEREFORE, Defendants Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Ameriquest Mortgage Securities, Inc., and Deutsche Bank National Trust Company deny any liability to plaintiffs, deny that they are entitled to rescind their loan, and deny that they are entitled to any recovery in this action, and request that the Court dismiss this action in its entirety and award them their costs and attorney fees.

### COUNT II - MICHIGAN MORTGAGE BROKERS, LENDERS AND SERVICES LENDING ACT

31. Plaintiffs incorporate by reference the allegations above.

**ANSWER:** Defendants Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Ameriquest Mortgage Securities, Inc., and Deutsche Bank National Trust Company restate their answers to paragraphs 1-30 in answer to this paragraph.

32. Defendants engaged in fraud, deceit and material misrepresentation in violation of MCLA §445.1672(b) by misrepresenting the value of Plaintiffs' property and charging a discount fee that was not used to lower the interest rate on the loan.

**ANSWER:** Denied.

33. Defendants made the representation in the course of trade and commerce.

**ANSWER:** Denied.

34. Plaintiffs were induced to proceed with the loan by means of this misrepresentation.

**ANSWER:** Denied.

8

35. Plaintiffs would not have taken out the loan if they had reason to know that the appraisal was inflated and that they were borrowing at an extremely high loan-to-value ratio or that the discount points they were paying would not be used to lower the interest rate of the loan.

**ANSWER:** Defendants Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Ameriquest Mortgage Securities, Inc., and Deutsche Bank National Trust Company deny any liability to plaintiffs, deny they are entitled to any relief in this action, and neither admit nor deny the remaining allegations stated in paragraph 35 because they lack knowledge and information on which to base a responsive pleading.

36. Plaintiffs were damaged as a result in that (1) they were charged and paid excess points, fees and interest stemming from the inflated value and (2) they have been prevented from refinancing out of the high loan-to-value loan, which was based on the inflated appraisal.

**ANSWER:** Denied.

37. Due to the inflated appraisal, plaintiffs have incurred special damages that require a special remedy.

**ANSWER:** Denied.

WHEREFORE, Defendants Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Ameriquest Mortgage Securities, Inc., and Deutsche Bank National Trust Company deny any liability to plaintiffs, deny that they are entitled to rescind their loan, and deny that they are entitled to any recovery in this action, and request that the Court dismiss this action in its entirety and award them their costs and attorney fees.

## COUNT III – BREACH OF CONTRACT

38. Plaintiffs incorporate the above allegations by reference.

**ANSWER:** Defendants Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Ameriquest Mortgage Securities, Inc., and Deutsche Bank National Trust Company restate their answers to paragraphs 1-37 in answer to this paragraph.

39. Defendant Ameriquest contracted to provide a discounted interest rate if Plaintiffs paid a loan discount fee.

**ANSWER:** Defendants Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Ameriquest Mortgage Securities, Inc., and Deutsche Bank National Trust Company submit that the referenced documents speak for themselves, deny any liability to plaintiffs and deny that they are entitled to any recovery in this action.

40. Plaintiffs paid the discount fee but did not receive a discounted rate.

**ANSWER:** Denied.

41. Ameriquest breached the contract by not discounting the rate in the final loan.

**ANSWER:** Denied.

WHEREFORE, Defendants Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Ameriquest Mortgage Securities, Inc., and Deutsche Bank National Trust Company deny any liability to plaintiffs, deny that they are entitled to any recovery in this action, and request that the Court dismiss this action in its entirety and award them their costs and attorney fees.

### COUNT IV - VIOLATION OF MICHIGAN CONSUMER PROTECTION ACT

42. Plaintiffs incorporate by reference the allegations above.

**ANSWER:** Defendants Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Ameriquest Mortgage Securities, Inc., and Deutsche Bank National Trust Company restate their answers to paragraphs 1-41 in answer to this paragraph.

43. The Michigan Consumer Protection Act states that a business is subject to liability if it causes a probability of confusion or of misunderstanding as to the terms or conditions of credit if credit is extended in the transaction. MCLA 445.903(o).

**ANSWER:** Because paragraph 43 makes conclusions of law, no answer is required. If any answer is required, Defendants Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Ameriquest Mortgage Securities, Inc., and Deutsche Bank National Trust Company deny that plaintiffs may assert any claim under the Michigan Consumer Protection Act (MCPA) against any defendant in this action because mortgage transactions are statutorily exempt from application of the MCPA.

44. Defendants violated MCLA 445.903(o) when it increased the initial interest rate on the loan and did not discount the interest rate of the loan even though Plaintiffs paid a discount fee.

**ANSWER:** Denied.

45. Defendants' actions caused Plaintiffs to become confused or misunderstand what the specific terms of the credit arrangement were.

**ANSWER:** Denied.

WHEREFORE, Defendants Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Ameriquest Mortgage Securities, Inc., and Deutsche Bank National Trust Company deny any liability to plaintiffs, deny that they are entitled to any recovery in this action, and request that the Court dismiss this action in its entirety and award them their costs and attorney fees.

## AFFIRMATIVE DEFENSES

Defendants Ameriquest Mortgage Company, AMC Mortgage Services, Deutsche Bank National Trust Company, Ameriquest Mortgage Securities, Inc. have not yet had the opportunity to complete their discovery or investigation of this matter, and therefore, rely upon such of the following affirmative defenses as may prove applicable after discovery or at trial:

1. Plaintiffs' Complaint fails to state any claims against Defendants Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Ameriquest Mortgage Securities, Inc., and Deutsche Bank National Trust Company upon which relief can be granted.

2. Plaintiffs' claims are barred by the applicable statutes of limitations.

3. Plaintiffs' claims are barred in whole or in part under the doctrines of estoppel, laches and/or waiver.

4. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiffs' claims under the Michigan Consumer Protection Act (MCPA) against any defendant in this action are barred because mortgage transactions are statutorily exempt from application of the MCPA.

6. Plaintiffs' claims are barred by the applicable statute of frauds.

7. Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

8. Plaintiffs' claims are barred or limited because the conduct complained of resulted from a bona fide error.

9. Plaintiffs are barred from recovery as a result of their own wrongful or negligent conduct and their actions or omissions are the direct and/or proximate cause of all damages alleged in the Complaint.

10. Plaintiffs are not entitled to rescind their mortgage loan under TILA, or to obtain any statutory damages because all required disclosures and notices were accurately and timely made, and even if the disclosures were inaccurate, the inaccuracies are within the applicable tolerances.

11. Plaintiffs are not entitled to rescind their mortgage loan under TILA, or to obtain any statutory damages for failure to rescind, because no alleged disclosure error is apparent on the face of the disclosure documents.

12. Plaintiffs are not entitled to rescind their mortgage loan under TILA, or to obtain any statutory damages for failure to rescind, because Plaintiffs obtained their loan more than one year before filing suit and therefore are barred by the TILA's one-year statute of limitations.

13. Plaintiffs' claims are barred by their failure to exhaust applicable administrative procedures and remedies.

Defendants Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Ameriquest Mortgage Securities, Inc., and Deutsche Bank National Trust Company, reserve the right to add other affirmative defenses as they become known.

WHEREFORE, Defendants Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Deutsche Bank National Trust Company, and Ameriquest Mortgage Securities, Inc. deny any liability to Plaintiffs and requests that Plaintiffs' Complaint be dismissed with prejudice and that Defendants Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Deutsche Bank National Trust Company, Ameriquest Mortgage Securities, Inc. be awarded their reasonable costs and attorneys' fees incurred in defending this action.

Respectfully submitted,

DYKEMA GOSSETT PLLC

By: /s/ Mark D. van der Laan
Mark D. van der Laan (P55921)
Sarah E. Heineman (P66202)
Attorneys for Ameriquest Mortgage
Company, AMC Mortgage Services, Inc.,
Ameriquest Mortgage Securities, Inc.,
Deutsche Bank National Trust Company, and
Ameriquest Mortgage Securities, Inc.,
300 Ottawa Avenue N.W., Suite 700
Grand Rapids, MI 49503
(616) 776-7500

Date: November 21, 2006

GR01\96935.1
ID\MDV

13