UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

PATRICK J. VERMURLEN and SHERRIE R. VERMURLEN,

      Plaintiffs,

vs.

AMERIQUEST MORTGAGE COMPANY, Mortgagees; AMC MORTGAGE SERVICES, Assignee; DEUTSCHE BANK NATIONAL TRUST COMPANY, as Assignee and/or Trustee of AMERIQUEST MORTGAGE SECURITIES, INC.,

      Defendants.

Civil Action No. 1:06-cv-0828

Honorable Wendell A. Miles

---

Craig L. Monette (P58420)
Attorney for Plaintiffs
316 Morris Ave., Suite 310
Muskegon, MI 49440
231-725-6100

Mark D. van der Laan (P55921)
Sarah E. Heineman (P66202)
Attorneys for Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Deutsche Bank National Trust Company, and Ameriquest Mortgage Securities, Inc.
Dykema Gossett PLLC
300 Ottawa Avenue N.W., Suite 700
Grand Rapids, MI 49503
(616) 776-7500

## Joint Status Report

A Rule 16 conference is scheduled for February 9, 2007 at 9:30 a.m. before Magistrate Judge Hugh Brenneman, Jr. Appearing for the parties as counsel will be:

    Craig L. Monette for Plaintiffs; and

Mark D. van der Laan for Defendants Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Deutsche Bank National Trust Company, and Ameriquest Mortgage Securities, Inc.

**(1) Jurisdiction:**  The Court has jurisdiction over this matter because this action is one of a civil nature which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332, wherein some of Plaintiffs' claims arise under the laws of the United States and the alleged value of Plaintiffs' claims exceed the jurisdictional prerequisite of $75,000.00, exclusive of costs and attorneys fees, and the action is between citizens of different states.  The Plaintiffs are citizens of the State of Michigan, while the Defendants are corporations organized under the laws of other states with their respective principal places of business in states other than Michigan.

**(2) Jury or Non-Jury:**  This case is to be tried before a jury.

**(3) Judicial Availability:**  The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

**(4) Geographic Transfer:**  The parties are advised of the possibility, pursuant to W.D. Mich. L.Civ.R. 3.3(h), of a transfer of the action to a judge located in a different city, on the basis of the convenience of counsel, the parties, or witnesses.  Reassignment of the action shall be at the discretion of the court and shall require the consent of all parties and of both the transferor and transferee judge.  The parties shall advise whether a transfer for geographic convenience is warranted in this case.  <u>No transfer is warranted.</u>

**(5) Statement of the Case:**  This case involves:

**Plaintiffs:**  In 2004, Defendant, Ameriquest Mortgage Company contacted the Vermurlens, regarding a mortgage refinance on their home.  Ameriquest stated that the Vermurlens' monthly mortgage payment would be less than their current loan.  Ameriquest also stated than an appraisal of the Vermurlens' home would be required in order for the loan to be processed.  Ameriquest's appraisal established the home's value at $161,000, which was substantially more than the home's actual value.  Based on the inflated appraisal, Ameriquest issued a loan to the Vermurlens which closed on March 29, 2004.  The Vermurlens did not receive copies of the mortgage loan papers or any good faith estimates of the closing costs prior to closing the loan with Ameriquest.  A notary public closed the loan with the Vermurlens and did not give them the opportunity to review the documents.  Plaintiffs reviewed the loan after it was executed and determined that the loan contained significantly higher closing costs than they had been told to expect.  In addition, Plaintiffs were charged $7,380 as a 5% discount fee, but the interest rate on the loan was not lowered, rather it was increased from 7.448% to 9.074% and was an adjustable rate mortgage rather than a thirty year fixed note.  Plaintiffs were not able to make the increased payments and fell behind on their mortgage payments.  Plaintiffs have attempted to refinance their loan, but have not been able since they are significantly upside down on their mortgage and owe much more money than what the property is worth.

Rather than lose their home, Plaintiffs filed this action to resolve the numerous issues surrounding the closing and issuance of the 2004 mortgage by Ameriquest. This action based on Defendants violation of the Truth in Leading Act and the Michigan Mortgage Brokers, Lenders and Services Act. The complaint also contains Breach of Contract and Fraud claims. The Truth in Lending Act claim focuses on Defendant's failure to comply with the statutory requirements for disclosures and the proper notice to Plaintiff. In addition, the Act permits Plaintiffs to rescind the mortgage, which they have done.

Plaintiffs also allege that Defendant intentionally inflated the value of Plaintiff's home to close on the new loan and that they did not apply the discount fee to lower the interest rate on the loan. Plaintiffs would not have taken out the loan if they had reason to know that the appraisal was inflated and that they were borrowing at an extremely high loan-to-value ratio or that the discount points they were paying would not be used to lower the interest rate of the loan.

Plaintiffs requests the following (a) a judgment voiding Plaintiffs' mortgage, capable of recordation in the public records and binding on Defendants; (b) statutory damages for the underlying disclosure violation; (c) statutory damages for failure to rescind; (d) attorney's fees, litigations expenses and costs; (e) any other relief as the Court determines appropriate.

**Defendants:** This is a lawsuit that should not have been filed. Plaintiffs, with full knowledge of the terms of the loan, entered into a loan and mortgage agreement with Defendant Ameriquest Mortgage Company ("Ameriquest"). Ameriquest provided Plaintiffs with all required disclosures and documents as part of the loan process. Moreover, when Plaintiffs ran into financial problems, Ameriquest agreed to modify their loan and entered into a Forbearance Agreement with Plaintiffs whereby Plaintiffs agreed to terms and waived and released any and all claims against Ameriquest, its successors and assigns, related to their loan transaction. Accordingly, Plaintiffs lawsuit should be dismissed in its entirety with prejudice.

Plaintiffs are time barred from seeking rescission under the Truth in Lending Act ("TILA") because the one year limitation period for a rescission claim under TILA elapsed long ago. Further, Defendants submit that, under the Michigan Consumer Protection Act ("MCPA"), Plaintiffs may not assert any claim against any Defendant in this action because mortgage transactions are statutorily exempt from application of the MCPA. *See* MCL §445.904(1)(a); *Smith v. Globe Life Ins. Co.*, 460 Mich. 446, 597 N.W.2d 28 (1999); *Newton v. Bank West*, 262 Mich. App. 434, 438-39, 686 N.W.2d 491 (2004); *see also*, *Inge v. Rock Financial Corp.*, 2004WL1778819 (2004) and *Lewis v. First Alliance Mortgage Co.*, 2004WL1365997 (Michigan Court of Appeals unpublished opinions ruling that mortgage transactions are statutorily exempt from application of MCPA). Accordingly, Count IV should be dismissed with prejudice as a matter of law. Defendants further submit that they deny any liability to Plaintiffs.

**(6) Pendant State Claims:** This case includes pendent state claims under the Michigan Consumer Protection Act, Michigan Mortgage Brokers, Lenders and Services Act, and claims of Breach of Contract and Fraud.

**(7) Joinder of Parties and Amendment of Pleadings:** No joinder of parties or amendment of the pleadings is needed in this case.

**(8) Disclosures and Exchanges:**

    (i)    Fed.R.Civ.P. 26(a)(1) requires initial disclosures unless the court orders otherwise. Any party objecting to Rule 26(a)(1) disclosures must set forth below in detail the nature and reasons for the objection. If one or more party objects, no initial disclosure shall be required until the court resolves the objection at the Rule 16 conference. In the absence of an objection, initial disclosures will be required of all parties.

        Rule 26(a)(1) disclosures shall be made within 30 days of the date of the court's scheduling order.

    (ii)    N/A

    (iii)    The parties submit that Plaintiffs expect to be able to furnish the names of their expert witnesses to Defendants by 45 days from the date of the court's scheduling order. The Defendants expect to be able to furnish the names of their expert witnesses to Plaintiffs by 60 days from the date of the court's scheduling order.

    In this case, it would be advisable to exchange written expert witness reports as contemplated by Fed. R. Civ. P. 26(a)(2), if either party intends to call expert witnesses. Reports, if required, should be exchanged according to the following schedule: Plaintiffs will furnish their expert witness report(s) to Defendants by 45 days from the date of the scheduling order, and Defendants will furnish their expert witness report(s) to Plaintiffs 30 days after receipt of Plaintiffs expert report(s).

    (iv)    The parties have agreed to make available the following documents without the need of a formal request for production:

    From Plaintiffs to Defendants by 30 days from the date of the court's scheduling order: All documents received or submitted by Plaintiffs concerning the loan; all documents in Plaintiffs' possession regarding all prior mortgages on their residence; all correspondence and other documentation, including loan applications, between Plaintiffs and all companies that they had contact with regarding a potential loan secured by a mortgage on their residence; all documents related to the Forbearance Agreement.

    From Defendants to Plaintiffs 30 days from the date of the court's scheduling order: Ameriquest's loan file pertaining to the loan to Plaintiffs and the Forbearance Agreement.

**(9) Discovery:** The parties believe that all discovery proceedings can be completed by 180 days. The parties recommend the following discovery plan: The parties should be limited to 25 interrogatories, including subparts, and 5 depositions per side. The presumptive time limits for depositions provided in Fed. R. Civ. P. 30(d)(2) should apply in this case.

    **Plaintiffs:** Plaintiffs believe that requests to produce, admit and interrogatories may be submitted to Defendant. Plaintiffs may also request the deposition of representatives of Defendant, their expert witnesses, if any, and any other relevant witness identified by the parties or through the discovery process.

4

**Defendants**: Defendants anticipate submitting requests to admit, interrogatories, and document requests to Plaintiffs. Defendants also anticipate taking the depositions of Plaintiffs, their expert witnesses, if any, and other relevant witnesses identified by the parties. Defendants may also find it necessary to perform an inspection of Plaintiffs' property.

**(10) Disclosure or Discovery of Electronically Stored Information:** The parties have discussed the production of electronically stored information and suggest that such information be handled as follows:

**Plaintiffs**: Plaintiffs do not anticipate that they have any electronically stored information in their possession but will furnish any information stored in this fashion if discovered.

**Defendants**: Defendant Ameriquest will furnish copies of its loan file and account information which is stored electronically in the ordinary course of business.

**(11) Assertion of Claims of Prejudice or Work-Product Immunity After Production:**

Plaintiffs and Defendants agree that, in the event of a claim by either party of privilege or work product immunity for items inadvertently disclosed or produced, upon written notice by the claiming party, the parties agree to refrain from use or further disclosure and agree to confer and attempt to resolve the matter. If the parties are unable to resolve the matter, they agree to refrain from use or further disclosure pending resolution by the court. The recipient of inadvertently disclosed or produced items shall submit its position in writing to the court, and the party claiming such inadvertent disclosure or production shall submit its position in writing to the court for review and determination of the validity of the claim.

**(12) Motions:** The parties acknowledge that W.D. Mich. L.Civ.R. 7.1(d) requires the moving party to ascertain whether the motion will be opposed. All motions shall affirmatively state the efforts of the moving party to comply with the obligation created by Rule 7.1(d). The following dispositive motions are contemplated by each party:

Defendants will file a motion for summary judgment based upon the Forbearance Agreement within 30 days from the date of the court's scheduling order. The parties anticipate that all other dispositive motions will be filed by 30 days after the close of discovery. The parties acknowledge that it is the policy of this Court to prohibit the consideration of non-dispositive discovery motions unless accompanied by a certification that the moving party has made a reasonable and good-faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

**(13) Alternative Dispute Resolution:** The parties recommend that this case be submitted to the following method(s) of alternative dispute resolution:

**Plaintiffs:** Case Evaluation.

**Defendants:** Case Evaluation.

**(14) Length of Trial:** Counsel estimate the trial will last approximately 3 days total, allocated as follows: 1½ days for Plaintiffs' case, 1½ days for Defendants' case.

**(15) Prospects of Settlement:** The status of settlement negotiations is: The parties have discussed settlement and exchanged terms.  Defendants made an offer to settle in early January and Plaintiffs have not responded.

**(16)  Other:** Defendants will file a motion for summary judgment based upon the Forbearance Agreement within 30 days from the date of the court's scheduling order.

Dated: February 6, 2007	Respectfully submitted,

By:*/s/ Craig L. Monette*			____
   Craig L. Monette (P58420)
   Attorney for Plaintiffs
   316 Morris Ave., Suite 310
   Muskegon, MI  49440
   231-725-6100
   Email:	cmonette@monettelaw.com

Dated: February 6, 2007	Respectfully submitted,

By: */s/ Mark D. van der Laan*		
   Mark D. van der Laan (P55921)
   Dykema Gossett PLLC
   Attorneys for Defendants
   300 Ottawa NW, Suite 700
   Grand Rapids, MI 49503
   (616) 776-7500
   Email:	mvanderlaan@dykema.com
        sheineman@dykema.com

GR01\98409.1
ID\MDV