**UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PATRICK J. VERMURLEN and SHERRIE R. VERMURLEN,

    Plaintiffs,

vs.

AMERIQUEST MORTGAGE COMPANY, Mortgagees; AMC MORTGAGE SERVICES, Assignee; DEUTSCHE BANK NATIONAL TRUST COMPANY, as Assignee and/or Trustee of AMERIQUEST MORTGAGE SECURITIES, INC.,

    Defendant.

Civil Action No. 1:06-cv-0828

HONORABLE WENDELL A. MILES

**ORAL ARGUMENT REQUESTED**

| | |
|---|---|
| Craig L. Monette (P58420)<br>Attorney for Plaintiff<br>316 Morris Ave., Suite 310<br>Muskegon, MI 49440<br>231-725-6100 | Mark D. van der Laan (P55921)<br>Sarah E. Heineman (P66202)<br>Attorneys for Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Deutsche Bank National Trust Company, and Ameriquest Mortgage Securities, Inc.<br>Dykema Gossett PLLC<br>300 Ottawa Avenue N.W., Suite 700<br>Grand Rapids, MI 49503<br>(616) 776-7500 |

**DEFENDANTS AMERIQUEST MORTGAGE COMPANY, AMC MORTGAGE SERVICES, INC., DEUTSCHE BANK NATIONAL TRUST COMPANY, AND AMERIQUEST MORTGAGE SECURITIES, INC.'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

## INTRODUCTION

Plaintiffs Patrick and Sherrie Vermurlen (the "Vermurlens") sued Defendants over a 2004 mortgage loan transaction with Ameriquest Mortgage Company ("Ameriquest"). All of their claims, however, are barred and should be dismissed because in 2006 the Vermurlens

contractually waived and released all claims they had related to their 2004 mortgage loan transaction.

## FACTS

On March 29, 2004, the Vermurlens refinanced their existing mortgage, executed and delivered an adjustable rate promissory note ("Note") secured by a first mortgage ("Mortgage") on their property commonly known as 791 W. 26th St., Holland, MI 49423 ("Property"). The Mortgage was recorded.

The Vermurlens had difficulty making timely mortgage payments and fell into serious default on their mortgage loan obligations. The Vermurlens and AMC Mortgage Services, Inc. discussed issues related to the mortgage loan transaction and the Vermurlens failure to timely make their mortgage payments. During April 2006, Ameriquest and the Vermurlens reached an agreement to resolve all issues related to the Vermurlens' 2004 mortgage loan transaction and defaults. For the resolution of the parties' issues, the Vermurlens executed a Forbearance Agreement (**Exhibit A**). The Forbearance Agreement provided for reinstatement of the Vermurlens' loan and set an agreed payment schedule so that the Vermurlens would cure their defaults. AMC Mortgage Services, Inc. agreed to forbear from exercising its rights under the Note and Mortgage. Under the terms of the Forbearance Agreement, the Vermurlens knowingly released all of their claims and potential claims against Ameriquest and AMC Mortgage Services, Inc. related to their 2004 mortgage loan transaction. The Forbearance Agreement provides in relevant part as follows:

> **Releases**
>
> Effective upon the execution hereof, and notwithstanding any failure of Borrowers to satisfy any of the conditions precedent set forth above, Borrowers hereby agree that, without any further act, Lender is fully and forever released and discharged from any and all claims for damages or losses to Borrower's property or person (whether these damages or losses are known or unknown,

foreseen or unforeseen, or patent or intent) including, without limitation, tort claims, demands, notions and causes of action of any nature, whatsoever arising under or relating to the Loan Documents or any of the transactions related thereto, prior to the date hereof, and borrowers waive application of California Civil Code Section 1542 which states the following:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Furthermore, Borrowers acknowledge that they intend there consequences even as to claims for damages that may exist as of the date of this release but which they do not know exist, and which, if known, would materially affect their decision to execute this Forebearance Agreement, regardless of whether their lack of knowledge is the result of ignorance, overnight, negligence, or any other cause.

(Exh. A, pp. 2-3).

The Vermurlens also agreed that if they failed to perform under the terms of the Forbearance Agreement, AMC Mortgage Services, Inc. could foreclose upon the property immediately. There can be no reasonable dispute that the Vermurlens initialed the release provisions and signed the Forbearance Agreement. (Exh. A, p. 3). The Vermurlens failed to perform and AMC Mortgage Services, Inc. foreclosed. The Vermurlens then sued Defendants on claims related to their 2004 mortgage loan transaction. Thus, this lawsuit should never have been filed and should be dismissed.

## LAW AND ARGUMENT

### I.  Standard for Summary Judgment

Under Fed. R. Civ. P. 56(c) summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The moving party bears the initial burden of demonstrating the absence of any genuine issues of material fact. *Gregg v. Allen-Bradley Co*., 801 F.2d 859, 861 (6th Cir. 1986). A fact is considered "material" only if

3

> proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties.

*Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). The moving party discharges its burden "by 'showing'—that is, by pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986). Once the moving party discharges its burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e); *Gregg*, 801 F.2d at 861; *Lucas v. Leaseway Multi Transp. Service, Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990), *aff'd* 929 F.2d 701 (6th Cir. 1991).

To defeat summary judgment, the nonmoving party cannot rely on their pleadings alone, "mere conclusory allegations," or evidence that raises only "metaphysical doubt" about a material fact. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 106 S. Ct. 1348, 89 L. Ed.2d 538 (1986). The trial court is not to weigh evidence or make findings of fact. *See, e.g.*, *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382 (6th Cir. 1993); *Street v. JC Bradford & Co.*, 886 F.2d 1472, 1480 (6th Cir. 1989).

## II. The Vermurlens' Suit Must Be Dismissed Because They Released All Claims Related to Their 2004 Mortgage Loan Transaction.

The Vermurlens released Ameriquest and AMC Mortgage Services, Inc., its agents, transferees, successors and assigns from liability for any and all claims related to their 2004 mortgage loan transaction. (Exh. A, p. 2-3.) Under Michigan law the Forbearance Agreement is enforceable and the release provisions serve to prevent the Vermurlens from bringing any released claims against the Defendants. *Dresser v. Cradle of Hope Adoption Center, Inc.*, 358 F.

4

Supp. 2d 620, 636-637 (E.D. Mich. 2005). The Vermurlens knew and certainly could have known about all potential claims at the time they entered the Forbearance Agreement. Thus, all of their claims and potential claims were knowingly released. *Smith v. City of Flint School Dist.*, 80 Mich. App. 630, 633-634; 264 N.W.2d 368 (1978). Even if the Vermurlens might not have understood the legal effect of the Forbearance Agreement which they executed, the release is enforceable. *Id.* at 633.

Courts interpret contractual releases using general contract principles. *BRB Printing, Inc. v. Buchanan*, 878 F. Supp. 1049, 1053 (E.D. Mich. 1995). Thus, the scope of a release is determined by the plain meaning of the words in the release. *Burgess v. Clark*, 215 Mich. App. 542, 547-548; 547 N.W.2d 59 (1996). A release that releases "any and all persons" unambiguously releases any and all parties. *Romska v. Opper*, 234 Mich. App. 512, 517; 594 N.W.2d 853 (1999). The Vermurlens cannot argue that the Forbearance Agreement is infirm because it covers all claims and all parties to this action. The scope of the agreement is valid and enforceable. *See, e.g.*, *Dresser*, *supra*, 358 F. Supp. 2d at 637-638 (waiver language in adoption agreement that released "any and all claims they may have now or in the future" is valid and enforceable.); *Skotak v. Vic Tanny Intern., Inc.*, 203 Mich. App. 616, 619; 513 N.W.2d 428 (1994) (release of "any and all claims, demands, damages, rights of action, or causes of action, . . . . arising out of the [releasor's] use of the . . . facilities" is a valid, enforceable, and unambiguous disclaimer of all liability for all negligence, including releasee's own negligence).

In this case, the Vermurlens knowingly released all claims they had or could have had against Ameriquest, its agents, transferees, successors and assigns. There can be no reasonable dispute that the Vermurlens' claims in this action relate to their 2004 mortgage loan transaction.

Accordingly, this lawsuit should never have been brought and must be dismissed in its entirety with prejudice.

### III. Mortgage Loan Transactions Are Exempt From MCPA Claims

Under the Michigan Consumer Protection Act ("MCPA"), the Vermurlens may not assert any claim against any Defendant in this action because mortgage transactions are statutorily exempt from application of the MCPA. *See* M.C.L. §445.904(1)(a); *Smith v. Globe Life Ins. Co.,* 460 Mich. 446, 597 N.W.2d 28 (1999); *Newton v. Bank West*, 262 Mich. App. 434, 438-39, 686 N.W.2d 491 (2004); *see also*, *Inge v. Rock Financial Corp.*, 2004WL1778819 (2004) and *Lewis v. First Alliance Mortgage Co.*, 2004WL1365997 (2004) (Michigan Court of Appeals unpublished opinions ruling that mortgage transactions are statutorily exempt from application of MCPA). Accordingly, the Vermurlens' MCPA claims should be dismissed with prejudice as a matter of law.

#### CONCLUSION

FOR THESE REASONS, Defendants Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Deutsche Bank National Trust Company, Ameriquest Mortgage Securities, Inc. respectfully request that the Court grant their Motion for Summary Judgment and enter an Order dismissing Plaintiffs' lawsuit in its entirety with prejudice and award Defendants their costs and attorneys fees.

6

        Respectfully submitted,

        DYKEMA GOSSETT PLLC

By:*/s/ Mark D. van der Laan*
    Mark D. van der Laan (P55921)
    Sarah E. Heineman (P66202)
    Attorneys for Ameriquest Mortgage
    Company, AMC Mortgage Services, Inc.,
    Ameriquest Mortgage Securities, Inc., and
    Deutsche Bank National Trust Company
    300 Ottawa Avenue N.W., Suite 700
    Grand Rapids, MI 49503
    (616) 776-7500

Date: March 9, 2007

GR01\99678.1
ID\MDV