# UNITED STATES DISTRICT COURT
## IN THE WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

PATRICK J. VERMURLEN and SHERRIE
R. VERMURLEN,

               Plaintiffs,

vs.

AMERIQUEST MORTGAGE COMPANY,
Mortgagees; AMC MORTGAGE
SERVICES, Assignee; DEUTSCHE BANK
NATIONAL TRUST COMPANY, as
Assignee and/or Trustee of AMERIQUEST
MORTGAGE SECURITIES, INC.,

               Defendant.

Civil Action No. 1:06-cv-0828

HONORABLE WENDELL A. MILES

---

| | |
|---|---|
| Craig L. Monette (P58420)<br>Attorney for Plaintiff<br>316 Morris Ave., Suite 310<br>Muskegon, MI 49440<br>231-725-6100 | Mark D. van der Laan (P55921)<br>Sarah E. Heineman (P66202)<br>Attorneys for Ameriquest Mortgage<br>Company, AMC Mortgage Services, Inc.,<br>Deutsche Bank National Trust Company, and<br>Ameriquest Mortgage Securities, Inc.<br>Dykema Gossett PLLC<br>300 Ottawa Avenue N.W., Suite 700<br>Grand Rapids, MI 49503<br>(616) 776-7500 |

---

### EXHIBIT A TO
### DEFENDANTS AMERIQUEST MORTGAGE COMPANY, AMC MORTGAGE SERVICES, INC., DEUTSCHE BANK NATIONAL TRUST COMPANY, AND AMERIQUEST MORTGAGE SECURITIES, INC.'S MOTION FOR SUMMARY JUDGMENT

---

DYKEMA GOSSETT-A PROFESSIONAL LIMITED LIABILITY COMPANY-300 OTTAWA AVENUE N.W., SUITE 700-GRAND RAPIDS, MICHIGAN 49503

# EXHIBIT A

04/13/2006
Loan#0072954704

## FORBEARANCE AGREEMENT

By these signatures below, PATRICK J VERMURLEN and SHERRIE R SCHOFIELD the recitals, terms, and conditions of the Forbearance Agreement and AMC Mortgage Services, Inc. ("Lender") in consideration for the Borrowers performance of the duties and obligations imposed hereby, agrees to forbear certain rights, privileges, and authority in accordance with the following:

It is acknowledged that Borrowers became indebted to Lender pursuant to a Loan Agreement and Promissory Note in the amount of $147,600.00. Said Note is secured by a Mortgage executed by Borrowers in favor of Lender, encumbering that certain property located at: 791 W 26TH ST # W, HOLLAND, MI, 49423.

It is acknowledged that borrowers are in default under the terms of the Note and Mortgage ("Loan Documents") and a started on .

It is acknowledged that the Loan may be reinstated and the default cured by the payment schedule below, plus all attorney fees and foreclosure fees and costs incurred by Lender, to date of such cure. Lender's internal application of Borrowers payment to Borrowers Loan under the Forbearance Agreement shall not be deemed to cure the default referenced in the Publication unless and until the loan is fully reinstated in accordance with the terms of the payment schedule set forth below.

DEFAULT AMOUNT

DUE DATE: October 01, 2005

| | | | |
|---|---|---|---|
| 6 payment(s) @ $1,119.27 for 10/01/2005 through 03/31/2006 | = | $ | 6,715.62 |
| 1 payment(s) @ $1,119.27 for 04/01/2006 through 04/30/2006 | = | $ | 1,119.27 |
| Late Charges | = | $ | 640.56 |
| FCL Fees | = | $ | 410.00 |
| Appraisal Fee | = | $ | 1,825.00 |
| Inspection Fees | = | $ | 80.00 |
| TOTAL REQUIRED TO REINSTATE : | | $ | 10,850.45 |

PAYMENT SCHEDULE:

### Application of Funds

| Pymt Due Date | Amt Due | To Fees | To Loan | Suspense Balance | Applied for Month of |
|---|---|---|---|---|---|
| 04/14/2006 | $2,726.60 | $2,375.00 | $0.00 | $351.60 | |
| 05/26/2006 | $2,046.09 | $0.00 | $2,238.54 | $159.15 | Oct 05, Nov 05 |
| 06/26/2006 | $2,046.09 | $0.00 | $1,119.27 | $1,085.97 | Dec 05 |
| 07/26/2006 | $2,046.09 | $0.00 | $2,238.54 | $893.52 | Jan 06, Feb 06 |
| 08/26/2006 | $2,046.09 | $0.00 | $2,238.54 | $701.07 | Mar 06, Apr 06 |
| 09/26/2006 | $2,046.09 | $0.00 | $1,448.66 | $301.50 | May 06, Jun 06(A) |
| 10/26/2006 | $2,046.09 | $0.00 | $1,326.39 | $1,021.20 | Jul 06 |
| 11/26/2006 | $2,046.09 | $0.00 | $2,652.78 | $414.51 | Aug 06, Sep 06 |
| 12/26/2006 | $2,046.09 | $0.00 | $1,326.39 | $1,134.21 | Oct 06 |
| 01/26/2007 | $2,046.09 | $0.00 | $2,652.78 | $527.52 | Nov 06, Dec 06(A) |
| 02/26/2007 | $2,046.09 | $0.00 | $1,326.39 | $1,247.22 | Jan 07 |
| 03/26/2007 | $2,046.12 | $640.56 | $2,652.78 | $0.00 | Feb 07, Mar 07 |

NOTE: If we do not receive the executed forbearance agreement and $2,726.60 in certified funds on or before April 14, 2006 by 3:00pm PST, this offer will be rescinded and we will proceed with the foreclosure

Created by Julian Ojeda

DANG/0006
Loan # 0072954704

A= Adjustable Rate Change: The regularly monthly principal & interest payment on this loan may change due to the adjustable rate mortgage change per the original terms of your ARM note and mortgage. The ARM change/disclosure will be sent to by separate mail about 45 days prior to the scheduled change. If the ARM change has any effect on the repayment plan installment, we will also send you written notice by separate mail.

E= Escrow change: An escrow change will take place and may also change the total monthly payment of your loan due to a change in the escrow portion of your payment. The escrow change/disclosure will be sent to you by separate mail 30 days prior to the scheduled change. If the escrow change has any effect on the repayment plan installment, we will also send you written notice by separate mail."

### Payments

The payments under the Plan are due on the Twenty-Sixth of each month (or the previous business day if the Twenty-Sixth of the month falls on a Saturday or Sunday), and you do not have a "grace period". EACH PAYMENT MUST BE MADE WITH A CASHIER'S CHECK OR MONEY ORDER! Personal checks will not be accepted. Please mail payments to:

AMC Mortgage Services, Inc.
505 City Parkway West, Suite 100,
Orange, CA 92868
Attn: Home Retention Department

### Forbearance

Nothing set forth herein shall be considered as a waiver by Lender of the Specified Defaults (which defaults Lender will suffer to exist only upon the terms set forth in this Forbearance Agreement) or of any other Events of Defaults which may occur or which may be disclosed to or be discovered by the Lender prior to the expiration date. Upon the occurrence, disclosure or discovery of any other Default or Event of Default prior to the expiration date, the forbearance period shall immediately terminate, at Lender's election and Lender may enforce any or all of its remedies under the Loan Documents. Should borrowers fail to make any of the required payments under the Forbearance Agreement, Lender shall immediately exercise any and all of its rights under the Loan Documents without further notice to borrowers.

### Credit Reporting

The status of your loan will be reported monthly to all respective credit reporting agencies for the duration of this Agreement and thereafter. Accordingly, for the duration of this Agreement and thereafter, AMC Mortgage Services will report your Loan as delinquent if your Loan is not completely contractually current under your Loan documents, even if you make timely payments to AMC Mortgage Services in accordance with the Schedule or Amended Schedule, if any. This Agreement does not constitute an agreement by AMC Mortgage Services to waive any reporting of the delinquency status of your Loan payments. AMC Mortgage Services specifically reserves any rights it may have relating to your Loan, including any rights it may have under your note and security instrument.

### Merger

This Forbearance Agreement merges all negotiations, stipulations, and provisions relating to the subject matter of this Forbearance Agreement which preceded or may accompany the execution of this Forbearance Agreement.

### Governing Law

This Forbearance Agreement shall be construed in accordance with and governed by the internal laws, other than choice of laws, of the State of Michigan, regardless of where executed or performed. If any provisions of the Forbearance Agreement are determined to be invalid, void or illegal, such provision shall be construed and amended in a manner which would permit its enforcement, but in no event shall such provision affect, impair or invalidate any other provision hereof.

### Loan Documents

Borrowers hereby confirm the validity and effectiveness of the Loan Documents in the light of the terms and provisions of the Forbearance Agreement. This acknowledgment and confirmation shall in no way be deemed to constitute a requirement or admission by Lender that any such acknowledgment or confirmation is required to maintain the effective of the Loan Documents, no such acknowledgment and confirmation being so required. Except as expressly modified herein, the Loan Documents shall remain in full force and effect.

### Release

Effective upon the execution hereof, and notwithstanding any failure of Borrowers to satisfy any of the conditions precedent set forth above, Borrowers hereby agree that, without any further act, Lender is fully and forever released and discharged from any and all claims for damages or losses to Borrower's property or person (whether these damages or losses are known or unknown, foreseen or unforeseen, or patent or latent) including, without limitation, tort claims, demands, actions and causes of action of any nature, whatsoever arising under or relating to the Loan Documents or any of the transactions related thereto, prior to the date hereof, and borrowers waive application of California Civil Code Section 1542 which states the following:

2 of 3                          Created by Julian Ojeda

04/03/2006
Loan#0072954704

A general release does not extend to claims which the creditor does not know
or suspect to exist in his favor at the time of executing the release, which
if known by him must have materially affected his settlement with the debtor.

Furthermore, Borrowers acknowledge that they intend these consequences even as to claims for damages that may exist as of the date
of this release but which they do not know exist, and which, if known, would materially affect their decision to execute this Forbearance
Agreement, regardless of whether their lack of knowledge is the result of ignorance, oversight, negligence, or any other cause.

Borrowers certify that they have read the provisions of California Civil Code Section 1542 and indicate by signing their initials here:

_____PJV_____ ("Borrower")     _____SRV_____ ("Borrower")

## Significance of Headings

Section headings contained herein are solely for the purpose of aiding the speedy location of subject matter and are not, in any sense,
to be given weight in the construction of the Forbearance Agreement. Accordingly, in case of any question, with respect to the
construction of the Forbearance Agreement, it is to be construed as though section headings have been omitted.

Lender hereby agrees to forbear its right to foreclose upon the subject property/properties pursuant to said Deed of Trust express
condition that Borrowers sign and return the original of the Forbearance Agreement and pays the Lender the scheduled payments set
forth above. Nothing herein shall be construed as prohibiting the Lender's right to continue foreclosure unless Borrowers cure and
reinstate the Loan and makes future regular payments as agreed. Time is of the essence with respect to the provisions of this
Forbearance Agreement.

It is understood that Lender makes no other representations or warranties than as expressly stated above and Lender shall not be
prohibited from the exercise of any lawful right except as herein stated and agreed to by Borrowers.

BORROWERS UNDERSTAND AND AGREE THAT SHOULD THEY BE LATE IN THE MAKING OF ANY PAYMENT
DUE UNDER THIS FORBEARANCE AGREEMENT, LENDER WILL BE ABLE TO FORECLOSE UPON THE
PROPERTY IMMEDIATELY WITHOUT NOTICE TO BORROWERS.

READ, ACKNOWLEDGED, AND AGREED UPON, FOR BORROWERS:

By: _____ Date: __4-5-06__
PATRICK J VERMURLEN

By: _____ Date: __4-5-06__
SHERRIE R SCHOFIELD