UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

PATRICK J. VERMURLEN and
SHERRIE R. VERMURLEN,

    Plaintiffs,                          Civil Action No. 1:06-cv-0828

vs.                                      Honorable Wendell A. Miles

AMERIQUEST MORTGAGE
COMPANY, Mortgagees; AMC
MORTGAGE SERVICES, Assignee;
DEUTSCHE BANK NATIONAL TRUST
COMPANY, as Assignee and/or
Trustee of AMERIQUEST MORTGAGE
SECURITIES, INC.,

    Defendants.

---

| | |
|---|---|
| Craig L. Monette (P58420)<br>Attorney for Plaintiffs<br>316 Morris Ave., Suite 310<br>Muskegon, MI  49440<br>231-725-6100 | Mark D. van der Laan (P55921)<br>Sarah E. Heineman (P66202)<br>Attorneys for Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Deutsche Bank National Trust Company, and Ameriquest Mortgage Securities, Inc.<br>Dykema Gossett PLLC<br>300 Ottawa Avenue N.W., Suite 700<br>Grand Rapids, MI 49503<br>(616) 776-7500 |

PLAINTIFF'S RESPONSE TO DEFENDANTS MOTION FOR
SUMMARY JUDGMENT

**Introduction and Summary of Plaintiffs' Position**

    Defendants' motion for summary judgment should not be granted by this Court.  Plaintiffs did not waive their rights under the Truth in Lending Act (the

1

"TILA") since the TILA requires a specific waiver addressing the right to rescind the TILA provides.  Although, Plaintiffs did execute a general release regarding the 2004 mortgage transaction, the release was not sufficient to waive Plaintiffs' right to rescind.  In this case, there were irregularities in the loan origination process and the proper notices were not received by Plaintiffs.  In response to those irregularities, Plaintiffs properly rescinded the 2004 mortgage within the three year time period.  Consequently, Defendants motion for summary judgment should be denied.

## Facts

Shortly before March 29, 2004, Defendant, Ameriquest Mortgage Company[1] contacted the Plaintiffs, Patrick and Sherrie Vermurlen (the "Vermurlens") to encourage them to refinance the mortgage on their home.  As an incentive to refinancing, Ameriquest stated that the Vermurlens' monthly mortgage payment would be less than their current loan.  In order to justify a new larger loan, Ameriquest improperly inflated the appraisal on the Vermurlen's home in order to issue the loan which closed on March 29, 2004.  The Vermurlens did not receive copies of the mortgage loan papers or any good faith estimates of the closing costs prior to the closing.  Ameriquest didn't even send a representative of their company to handle the transaction.  Rather a notary public provided the Vermurlens the appropriate paperwork to execute.

---

[1] The original mortgage loan was handled by Defendant, Ameriquest Mortgage Company.  Based on information and belief, Defendant AMC Mortgage Services, Inc. services the mortgages origin anted by Ameriquest Mortgage Company.  Also based on information and belief, Defendant, Deutsche Bank National Trust Company, N.A. may now own the loan as trustee.  These companies may be collectively referred to in this brief as the "Bank."

2

The Vermurlens did not have any opportunity to review the documents and were simply instructed to sign them if they wanted the refinance to take place.

The Vermurlens reviewed the loan after it was executed and determined that the loan contained significantly higher closing costs than they had been told to expect and that the loan had an adjustable interest rate. They were also charged $7,380, which was characterized as a 5% discount fee, but the interest rate on the loan was not lowered, rather it was increased from 7.448% to 9.074%. In the end, the loan was not what Ameriquest had represented to the Vermurlens and the payments quickly increased. The Vermurlens were unable to pay the increased payments and fell behind on their mortgage payments.

Plaintiffs have attempted to refinance their loan, but have not been successful since they are significantly upside down on their mortgage. They now owe much more on their house than it is worth based on Ameriquest's inflated appraisal and the improper closing costs. The Bank initiated a foreclosure proceeding which is now enjoined pending the outcome of this case.

Upon closer review of the 2004 mortgage transaction, it is clear that Ameriquest Mortgage Company failed to provide the required disclosures of the Plaintiffs' right to cancel within three days, in violation of *15 U.S.C. §1635* and *12 C.F.R. §226.23*. Plaintiffs were not given the proper Notice to Rescind form, since H-8 was used rather than H-9 (Exhibit 1). Defendant also provided to Plaintiffs a One Week Notice of Right to Cancel (Exhibit 2). The delivery of two different notices of right to cancel is confusing, which results in a lack of clear and conspicuous disclosure of the right to rescind. In addition, the one-week

cancellation notice is misleading since it only provides the borrower with six days to cancel and does not mention any right to rescind.

Since the Bank did not provide the proper disclosure notices, pursuant to the Truth in Lending Act, *15 U.S.C. §1635* and *Regulation Z, § 226.23*, the Vermurlens provided notice of rescission to all Defendants (Exhibit 3) and Ameriquest Mortgage Company has acknowledged the notice and denied rescission of the 2004 mortgage (Exhibit 4).

### **Law and Analysis**

**1.    Summary Judgment Standard**

In considering a similar case involving the right to rescind for a Truth in Lending Act violation, *Budzynski v. Redman Homes*, 1997 U.S. Dist. LEXIS 12187 (D. Mich. 1997), the Western Distinct Court, Southern Division succinctly stated the standard for summary judgment:

> A party moving for summary judgment has the burden of showing that when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits" are considered there is no genuine issue as to any material fact and they are entitled to judgment as a matter of law. *Fed. R. Civ. P. 56(c)*; *Snyder v. Ag. Trucking Inc.,* 57 F.3d 484 (6th Cir. 1995). The movant may satisfy this initial burden by demonstrating that the non-moving party has failed to introduce sufficient evidence to support an essential element of the cause of action alleged. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986)*; Haverstick Enterprises Inc. v. Financial Federal Credit Inc.,* 32 F.3d 989, 993 (6th Cir. 1994). If the moving party meets its burden, the party against whom the motion is brought has the burden of proving that there is a genuine issue of material fact for trial. *Celotex,* 477 U.S. at 324-25, 106 S. Ct. at 2553(1986). Material facts are those facts which might affect the outcome of the action under the governing law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

> When determining if summary judgment is proper, inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). However, the mere existence of a scintilla of evidence in support of the opposing party's motion is not sufficient to create a genuine issue of material fact, instead, there must be evidence on which the jury could reasonably find for the party opposing summary judgment. *Anderson,* 477 U.S. at 252, 106 S. Ct. at 2512.

**2.　The Bank's Motion Must Be Dismissed Since the Vermurlens Did Not Release the 2004 Mortgage Loan's Right to Rescind.**

The Bank's central argument is that the Vermurlens waived their rights to assert any claims related to the 2004 Mortgage when they executed the Forbearance Agreement (Exhibit 5). Essentially, the Forbearance Agreement stated that the Lender is fully and forever released and discharged from any and all claims for damages or losses to Borrower's property or person. The Bank's argument is not valid in the context of this case, however, since the TILA specifically states the process in which a person may waive their right to rescind. The release that the Vermurlens signed did not address the TILA provisions as required by statute and therefore the release does not limit their ability to rescind the mortgage based on the Bank's violations of the TILA.

The TILA was established to provide consumers with protection against lenders. *15 U.S.C. § 1601* et seq. Section 1635 of the TILA provides consumers with the right to rescind a transaction within certain parameters. The statute provides:

> (a) <u>Consumer's right to rescind</u>. (1) In a credit transaction in which a security interest is or will be retained or acquired in a

5

> consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section. (2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business. (3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, which occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of consumer's interest in the property, or upon sale of the property, whichever occurs first…

The TILA provides that a lender must provide specific notice to consumers regarding their right to rescind. Section 1635 further states:

> (b) <u>Notice of right to rescind</u>. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following: (1) The retention or acquisition of a security interest in the consumer's principal dwelling. (2) The consumer's right to rescind the transaction. (3) How to exercise the right to rescind, with a form for that purpose, designated the address of the creditor's place of business. (4) The effects of rescission, as described in paragraph (d) of this section. (5) The date the rescission period expires.

As noted above, the TILA also requires creditors to clearly and conspicuously disclose to borrowers their right to rescind, the length of the rescission period and to provide consumers with the appropriate forms to exercise their right to rescind. *15 U.S.C. § 1635(a).* If the lender does not provide the proper form, the borrower may rescind the loan at any time up to three years from the date of the original transaction. *15 U.S.C. § 1635(f).* In

6

*Handy v Anchor Mortgage Corporation*, 464 F.3d 760 (7th cir. 2006), the lender provided the borrower with two different forms (Rescission Model Form H-9 and H-8). The borrower argued that these two forms together did not disclose her right to rescind in a clear and conspicuous manner. *Id.* at 763. The court agreed and held that "Anchor's simultaneous provision of both a Form H-8 and a Form H-9 did not meet the TILA's clear and conspicuous disclosure requirement, especially with regard to the 'effects of rescission.' " *Id.* at 764.

In addition to ensuring that the proper notices are received, the TILA also limits a consumer's ability to waive their mortgage rescission rights. A consumer may only waive their right to rescission when "the consumer determines that the extension of credit is needed to meet a bona fide personal financial emergency. To modify or waive the right, the consumer shall give the creditor a dated written statement that describes the emergency, specifically modifies or waives the right to rescind, and bears the signature of all the consumers entitled to rescind." *Reg. Z, 12 C.F.R. § 226.23(e)(1).*

In *Mills v. Home Equity Group, Inc.*, 871 F. Supp. 1482 (D.D.C. 1994), the court reviewed the effect of a release which specifically mentioned Regulation Z. In *Mills*, the homeowner defaulted on a loan which was secured by a mortgage on her home. *Id.* at 1484. The lender agreed to modify the loan and cure the default if the homeowner agreed to enter into a modification agreement. *Id.* The modification agreement included the following release of claims:

> Pursuant to this Amendment and for and in consideration of Lender's Release, Borrowers individually and for their heirs . . . hereby release, acquit, and forever discharge Lender and his heirs .

7

> . . from any and all claims, demands, damages, losses, liabilities, rights, causes of action, and suits, whatsoever that Borrowers had, have or might have against Lender arising out of or relating to the Original Loan documents, including but not limited to any claims of lender liability, usury, Regulation Z, or any other violation of law knowingly or unknowingly committed.  *Id.*

The court sided with the homeowner and allowed her to rescind the mortgage.  The court reasoned that the TILA was important consumer protection legislation and that it terms must be complied with meticulously.  *Id.* at 1485.   Since the lender in Mills failed to met the requirements set forth in *12 C.F.R. 226.23(e)(1)*, the court held that "plaintiff properly exercised her right to rescind within three years of the consummation of the loan transaction. This right was not waived by the settlement entered into with Defendant." *Id.* at 1486.  In this case, it was not enough for the lender to mention Regulation Z, rather a consumer's right to rescind must be specifically stated and waived.

In a more recent Sixth Circuit Case, the court considered whether a mortgage refinancing operated to waive the consumer's right to rescind.  *Barrett v JP Morgan Chase Bank, N.A.*, 445 F.3d 874 (6th Cir. 2006).  Although in the Vermurlen case, the Bank isn't arguing that a mortgage refinance cut off their rights, the reasoning that the court in *Barrett* used is analogous to this case.   The court stated that the statute and regulations refer to a "right to rescind the transaction." *15 U.S.C. § 1635(a).*  Further, the TILA specifically identifies the events that extinguish the right to rescind.  *Id.* at 879.  Regulation Z provides that the "right to rescind shall expire (1) 3 years after

8

consummation, (2) upon transfer of all of the consumer's interest in the property, or (3) upon the sale of the property, whichever comes first." *12 C.F.R. § 226.23(a)(3)*.  In addition, the court stated that the "right to rescind cannot be waived by borrower, except in a bona fide financial emergency. *Id.* citing *15 U.S.C. § 1635(d)*.  Based on the above reasoning, the court held that the homeowner had a right to rescind the transaction and remanded the case in order to determine if the disclosures had been adequately made by the bank.

In this case, the Vermurlens received improper notice of their rights to rescind when they executed their mortgage on March 29, 2004.  Consequently, they had until March 29, 2007 to rescind the mortgage.  They exercised their right to rescind on October 4, 2006, which was well within the three year time period provided by the statute.  The determination of whether or not the Bank gave the proper notice to the Vermurlens regarding their right to rescind remains a question fact that is not answered.  However, based on the *Mills* case, the forbearance and release agreement did not release the Vermurlen's right to rescind.  Consequently, it would be improper to grant the Bank's motion for summary judgment.

Michigan Consumer Protection Act Claim

The Vermurlens do not contest that mortgage transactions are statutorily exempt from application of the Michigan Consumer Protection Act and agree to dismiss this claim.

## **Conclusion**

As a matter of law, the Forbearance Agreement signed by the Vermurlens did not waive their statutory right to rescind.  Consequently, there remain several genuine issues of material facts to be resolved in this case, such as whether or not the Bank clearly and conspicuously provided the Vermurlens with the proper form of notice regarding their right to rescind.  Therefore, the Bank's motion for summary judgment should be denied by this Court.

Dated: April 9, 2007					Respectfully submitted,

							By:   */s/ Craig L. Monette*
							Craig L. Monette (P58420)
							Attorney for Plaintiffs
							316 Morris Ave., Suite 310
							Muskegon, MI  49440
							231-725-6100