**UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PATRICK J. VERMURLEN and SHERRIE R. VERMURLEN,

        Plaintiffs,

vs.

AMERIQUEST MORTGAGE COMPANY, Mortgagees; AMC MORTGAGE SERVICES, Assignee; DEUTSCHE BANK NATIONAL TRUST COMPANY, as Assignee and/or Trustee of AMERIQUEST MORTGAGE SECURITIES, INC.,

        Defendant.

Civil Action No. 1:06-cv-0828

HONORABLE WENDELL A. MILES

**ORAL ARGUMENT REQUESTED**

---

| | |
|---|---|
| Craig L. Monette (P58420)<br>Attorney for Plaintiff<br>316 Morris Ave., Suite 310<br>Muskegon, MI 49440<br>231-725-6100 | Mark D. van der Laan (P55921)<br>Sarah E. Heineman (P66202)<br>Attorneys for Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Deutsche Bank National Trust Company, and Ameriquest Mortgage Securities, Inc.<br>Dykema Gossett PLLC<br>300 Ottawa Avenue N.W., Suite 700<br>Grand Rapids, MI 49503<br>(616) 776-7500 |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Patrick and Sherrie Vermurlen (the "Vermurlens") admit they executed the Forbearance Agreement (Exhibit A to Defendants' principal brief) and knowingly released all of their claims and potential claims against Defendants related to their 2004 mortgage loan transaction. But now they argue they could not contractually waive and release all of their claims. Their argument lacks merit.

Contrary to the Vermurlens argument, the Forbearance Agreement is enforceable and the release provisions serve to prevent the Vermurlens from bringing any released claims against the Defendants. *Dresser v. Cradle of Hope Adoption Center, Inc.*, 358 F. Supp. 2d 620, 636-637 (E.D. Mich. 2005). The Vermurlens knew and certainly could have known about all potential claims at the time they entered the Forbearance Agreement. Thus, all of their claims and potential claims were knowingly released. *Smith v. City of Flint School Dist.*, 80 Mich. App. 630, 633-634; 264 N.W.2d 368 (1978). Even if the Vermurlens might not have understood the legal effect of the Forbearance Agreement which they executed, the release is enforceable. *Id.* at 633.

Further, the Vermurlens admit they received notices of right to cancel at the time of the closing of their 2004 mortgage loan transaction. Exhibit 1 to their response brief establishes that they each acknowledged, by signing the Notice of Right to Cancel, that they received two copies each of the notice on the date of their closing. The Vermurlens reiterate their conclusory allegations and argue without testimonial support that the form of the notice was somehow inadequate to advise them of their right to rescind. The plain language of Exhibit 1 to their response is not ambiguous, unclear, or inconspicuous. Accordingly, the Vermurlens right to rescind has elapsed.

The Vermurlens also argue that they could never waive or release their TILA rescission right. In *Tucker v. Beneficial Mortgage Company*, 437 F. Supp.2d 584, 587 (E.D. Va. 2006), the court correctly observed that Congress has not made a consumer's rescission rights non-waivable. Moreover, an appropriate reading of the regulation the Vermurlens rely upon for the proposition that they could not waive and release TILA rescission rights, Reg Z, 12 C.F.R. §

226.23 (e)(1), does not support their argument.[1] That regulation deals with a borrowers waiver at the time of transacting the loan under emergency conditions. The regulation should not be read to preclude a borrower from waiving and releasing all claims after the rescission period has elapsed and they have defaulted on their loan and negotiated the lenders forbearance of its rights.

In this case, the Vermurlens knowingly released all claims they had or could have had against Ameriquest, its agents, transferees, successors and assigns when they signed the Forbearance Agreement. The Vermurlens' claims in this action relate to their 2004 mortgage loan transaction. Accordingly, this lawsuit should never have been brought and must be dismissed in its entirety with prejudice.

## CONCLUSION

For these reasons and those stated in Defendants' principal brief, Defendants Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Deutsche Bank National Trust Company, Ameriquest Mortgage Securities, Inc. respectfully request that the Court grant their Motion for Summary Judgment and enter an Order dismissing Plaintiffs' lawsuit in its entirety with prejudice and award Defendants their costs and attorneys fees.

---

[1] Defendants submit that the *Mills v. Home Equity Group, Inc*., 871 F. Supp. 1482 (D.C. Dist. Col. 1994) case is wrongly decided to the extent it concludes that borrowers could never waive and release rescission rights.

       Respectfully submitted,

       DYKEMA GOSSETT PLLC

       By:*/s/ Mark D. van der Laan*
           Mark D. van der Laan (P55921)
           Daniel J. Martin (P67848)
           Attorneys for Ameriquest Mortgage
           Company, AMC Mortgage Services, Inc.,
           Ameriquest Mortgage Securities, Inc., and
           Deutsche Bank National Trust Company
           300 Ottawa Avenue N.W., Suite 700
           Grand Rapids, MI 49503
           (616) 776-7500

Date: April 16, 2007

GR01\101774.1
ID\MDV

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•300 OTTAWA AVENUE N.W., SUITE 700•GRAND RAPIDS, MICHIGAN 49503