# EXHIBIT E


Westlaw.

172 Fed.Appx. 652

Page 1

172 Fed.Appx. 652, 2006 WL 455158 (C.A.6 (Mich.)), 2006 Fed.App. 0150N
**(Cite as: 172 Fed.Appx. 652)**

**H**
Mills v. Equicredit Corp.
C.A.6 (Mich.),2006.
2006 FED. App. 0150NThis case was not selected
for publication in the Federal Reporter.NOT
RECOMMENDED FOR FULL--TEXT
PUBLICATIONSixth Circuit Rule 28(g) limits
citation to specific situations. Please see Rule 28(g)
before citing in a proceeding in a court in the Sixth
Circuit. If cited, a copy must be served on other
parties and the Court.Please use FIND to look at the
applicable circuit court rule before citing this
opinion. Sixth Circuit Rule 28(g). (FIND CTA6
Rule 28.)
United States Court of Appeals,Sixth Circuit.
Franklin D. MILLS and Eva Mills,
Plaintiffs-Appellants,
v.
EQUICREDIT CORPORATION, et al.,
Defendants-Appellees.
**No. 05-1088.**

Feb. 24, 2006.

**Background:** Borrowers sued mortgage lenders
and others for alleged violations of Real Estate
Settlement Procedure Act (RESPA), Equal Credit
Opportunity Act (ECOA), Fair Housing Act (FHA),
Truth in Lending Act (TILA), and Michigan
Consumer Protection Act. The United States
District Court for the Eastern District of Michigan,
294 F.Supp.2d 903, granted defendants' motion to
dismiss certain claims, and subsequently, 344
F.Supp.2d 1071, granted summary judgment for
defendants on remaining claims. Borrowers
appealed.

**Holding:** The Court of Appeals, Hood, Chief
District Judge, held that borrowers did not have
extended right of rescission pursuant to TILA.

Affirmed.
West Headnotes

**Consumer Credit 92B ⟨⟩⟩⟩36**

92B Consumer Credit
    92BII Federal Regulation
        92BII(A) In General
            92Bk36 k. Rescission Rights; Liens on
Residences. Most Cited Cases

**Consumer Credit 92B ⟨⟩⟩⟩60**

92B Consumer Credit
    92BII Federal Regulation
        92BII(C) Effect of Violation of Regulations
            92Bk60 k. In General; Validity of
Transactions. Most Cited Cases
Even if lender used incorrect form in notifying
borrowers of their right under Truth in Lending Act
(TILA) to rescind loan agreements within three
days of transaction, form that was used informed
borrowers of such right, and therefore borrowers
did not have extended right of rescission pursuant to
TILA. Truth in Lending Act, § 125(a, f), 15
U.S.C.A. § 1635(a, f).

**\*652** On Appeal from the United States District
Court for the Eastern District of Michigan.

Ian B. Lyngklip, Lyngklip & Taub, Southfield, MI,
Rochelle E. Guznack, Plymouth, MI, for
Plaintiffs-Appellants.
Kathleen McCree Lewis, Thomas M. Schehr,
Dykema Gossett, Detroit, MI, Joseph H. Hickey,
Dykema Gossett, Bloomfield Hills, MI, Robert D.
Goldstein, Garan, Lucow & Miller, Grand Blanc,
MI, Steven A. Matta, Garan, Lucow & Miller, Troy,
MI, for Defendants-Appellees.

Before: SUHRHEINRICH and GRIFFIN, Circuit
Judges; HOOD, Chief District Judge.[FN*]

FN* The Honorable Joseph M. Hood,
Chief United States District Judge for the
Eastern District of Kentucky, sitting by

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

172 Fed.Appx. 652, 2006 WL 455158 (C.A.6 (Mich.)), 2006 Fed.App. 0150N
**(Cite as: 172 Fed.Appx. 652)**

designation.

HOOD, Chief District Judge.
**\*\*1** Plaintiffs-Appellants Franklin and Eva Mills (" the Millses" or "Appellants") appeal from the order of the district court granting the motion of Defendants-Appellees, EquiCredit Corporation, Fairbanks Capital Corporation, Loan Servicing Center,**\*653** and Discount Mortgage Company d/b/a First Discount Mortgage (collectively, " EquiCredit" or "Appellees"), to dismiss for failure to state a claim upon which relief may be granted. For the reasons that follow, we **AFFIRM** the judgment of the district court.

## I. BACKGROUND

Appellants refinanced their home mortgage twice with EquiCredit, first on August 12, 1999, and again on February 29, 2000. At each closing, they signed a form entitled "Notice of Right to Cancel," which explained their right to cancel the mortgage within three days from either the date of the transaction, the date they received their Truth in Lending disclosures, or the date they received that notice, whichever occurred last. After Appellants defaulted on their February 29, 2000 loan, Fairbanks Capital Corporation ("Fairbanks"), which purchased the loan in April 2002, commenced foreclosure proceedings on November 19, 2002. On November 26, 2002, counsel for the appellants sent a letter to Fairbanks and EquiCredit explaining that they were rescinding the February 29, 2000 transaction. Neither Fairbanks nor EquiCredit responded to that letter. On January 6, 2003, Appellants filed their complaint in this matter and the scheduled foreclosure proceeding was suspended.

Only the claims set forth in Counts VI and VII of the complaint are at issue in the Millses' appeal. In Count VI, entitled "HOEPA Rescission," Appellants allege that EquiCredit failed to make specific disclosures to them in advance of their closing date as required by the Home Ownership and Equity Protection Act of 1994 ("HOEPA"), 15 U.S.C. §§ 1602(aa) and 1639, which is a part of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601,

*et seq.,* and that EquiCredit required them to sign undated documents at the closings to confirm that three days had elapsed since the closings and that they did not intend to rescind the loans. In Count VI, Appellants "demand rescission and/or a declaration that they are entitled to rescind their loans under HOEPA and any other applicable state or federal law." (J.A. at 32.) In Count VII, entitled "TILA," Appellants claim that pursuant to § 1635(a) and 1640(a) of TILA, EquiCredit and U.S. Bank, a company that was never served and is not a party to this case, are liable to them for rescission of the August 12, 1999 and February 29, 2000 loan transactions.

On March 14, 2003, EquiCredit moved the court to dismiss "Counts I, II, III, IV, and V of Plaintiffs' Complaint in their entirety, and portions of Counts VII and VIII." (*Id.* at 79.) EquiCredit argued that the TILA claims were subject to TILA's one-year limitations period under § 1640(e) and that there was no basis for tolling the statute. EquiCredit asked the court to dismiss the claims for damages regarding the alleged TILA violations. In footnote seven of its brief in support, however, EquiCredit attempted to define the scope of its motion: "At this time, EquiCredit is not moving for dismissal pursuant to Fed.R.Civ.P. 12(b)(6) of Plaintiffs' TILA claim to the extent that Plaintiffs seek rescission of the second refinancing, as such claim is arguably subject to a three-year limitations period. " (*Id.* at 95.)

**\*\*2** In response, Appellants conceded that they had brought suit after the applicable statute of limitations period but alleged that under the doctrine of equitable tolling, the statute of limitations on their claims was tolled until August 2002 when they met with their counsel and were informed of EquiCredit's allegedly fraudulent action. In their response to EquiCredit's motion to dismiss, Appellants claimed that EquiCredit**\*654** had not made the required TILA disclosures prior to their rescission on November 26, 2002 because (1) the Notice of Right to Cancel form was the wrong notice for a refinancing transaction; (2) they signed the Notice of Right to Cancel form to acknowledge that the three-day rescission period had elapsed on the closing date of February 29, 2000 rather than

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

172 Fed.Appx. 652                                                              Page 3

172 Fed.Appx. 652, 2006 WL 455158 (C.A.6 (Mich.)), 2006 Fed.App. 0150N
**(Cite as: 172 Fed.Appx. 652)**

three business days later; and (3) they were provided with only two copies (as opposed to four) of the Notice of Right to Cancel form.

During the July 2, 2003 hearing on this motion, the court asked EquiCredit to explain which claims it was moving to dismiss. EquiCredit stated that its motion asked the court to dismiss all claims except the HOEPA claims in Count VI, which EquiCredit explained were the claims it was referring to in footnote seven, and various state law claims. Moreover, the court specifically inquired about footnote seven. During the discourse, EquiCredit explained to the district court that (1) footnote seven refers to the HOEPA claims in Count VI and (2) no TILA claims would remain if the court granted its motion to dismiss.

On November 24, 2003, the district court granted EquiCredit's motion and dismissed all of the federal claims in the complaint except the claims under HOEPA. The court reasoned that even if EquiCredit used the wrong form, as alleged by Appellants, the form nonetheless informed them of their right to cancel. Because "Defendants did not take any steps to affirmatively conceal Plaintiffs' TILA cause of action," there was no basis for equitably tolling the statute of limitations. On November 15, 2004, the district court granted EquiCredit's motion for summary judgment in its entirety.

## II. STANDARD OF REVIEW

A dismissal for failure to state a claim upon which relief can be granted is reviewed de novo. *Jackson, Tenn. Hosp. Co. v. W. Tenn. Healthcare, Inc.,* 414 F.3d 608, 611 (6th Cir.2005). The court in *Persian Galleries, Inc. v. Transcontinental Ins. Co.,* 38 F.3d 253 (6th Cir.1994) held that "[a] district court's grant of a motion to dismiss is proper when there is no set of facts that would allow the plaintiff to recover." *Id.* at 258. A complaint may be dismissed only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

Despite this liberal standard of review, the plaintiff is required to provide more than the bare assertion of legal conclusions. "[A] plaintiff's complaint will not survive a motion to dismiss under Rule 12(b)(6) unless it contains 'either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.' " *Uttila v. City of Memphis,* 40 F.Supp.2d 968, 970 (W.D.Tenn.1999) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir.1988)).

## III. DISCUSSION

### A. *Sua Sponte* Dismissal

**\*\*3** Appellants contend that the district court erred by dismissing *sua sponte* their rescission claim under TILA. They argue that EquiCredit's motion to dismiss did not include their claim for rescission under TILA, and as a result, they were never given the opportunity to provide the court with facts that would entitle them to relief. Appellants point to footnote seven of EquiCredit's motion, which they contend advised the district court that EquiCredit **\*655** was not moving to dismiss the TILA claim for rescission on statute of limitations grounds. Relying on *Tingler v. Marshall,* 716 F.2d 1109 (6th Cir.1983), Appellants argue that no motion was pending regarding the rescission claim and that the district court failed to provide them with the procedural safeguards outlined in *Tingler* before dismissing *sua sponte* the TILA rescission claim.

The court in *Tingler* warned against *sua sponte* dismissals and set forth the steps that a district court must take before making such a decision. The instant case, however, bears little resemblance to the *sua sponte* dismissals addressed by *Tingler. See, e.g., Morrison v. Tomano,* 755 F.2d 515, 516-17 (6th Cir.1985) (district court dismissed complaint for failure to state a cause of action without allowing plaintiffs to address the shortcomings of the complaint or otherwise respond to the impending dismissal); *Tingler,* 716 F.2d at 1111 (district court dismissed case on the merits prior to service of complaint on defendant and

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

172 Fed.Appx. 652

Page 4

172 Fed.Appx. 652, 2006 WL 455158 (C.A.6 (Mich.)), 2006 Fed.App. 0150N
**(Cite as: 172 Fed.Appx. 652)**

without notifying plaintiff of the proposed dismissal). The district court did not dismiss *sua sponte* the TILA claim; instead, after EquiCredit filed an answer to the complaint and submitted a motion to dismiss, the court granted the motion, a motion that EquiCredit clarified during the hearing included all claims under TILA.

We note that EquiCredit's motion to dismiss asked the district court to dismiss "portions" of Count VII. In its brief in support of that motion, EquiCredit refers to how, "[i]n Count VII, Plaintiffs claim damages under the Truth in Lending Act" and that such "claims for damages regarding alleged TILA violations in connection with the closings must be dismissed." (J.A. at 94-95.) In footnote seven, EquiCredit specifically advises that it is "not moving for dismissal pursuant to Fed.R.Civ.P. 12(b)(6) of Plaintiffs' TILA claim to the extent that Plaintiffs seek rescission of the second refinancing, as such claim is arguably subject to a three-year limitations period." (*Id.* at 95.)

But any confusion created by footnote seven regarding the scope of EquiCredit's motion to dismiss was dispelled-and Appellants were given notice that EquiCredit was moving to dismiss all TILA claims-during the hearing conducted on the motion. At the hearing, after the district court asked EquiCredit to explain which claims it was moving to dismiss and, notably, read footnote seven aloud, EquiCredit explained that footnote seven referred to the claim for rescission under HOEPA in Count VI of the complaint. In response to the court's inquiry of what would remain if the court were to grant the motion to dismiss, EquiCredit's counsel explained, "What we have stated in Footnote 7 which we identified today as Count 6 relating to HOEPA and state law claims.... That's my understanding of what would be left." (*Id.* at 402.) At the hearing, EquiCredit clarified that it sought to dismiss Count VII of the complaint and explained to the court and Appellants that the motion, if granted, would lead to the dismissal of all claims under TILA. This discourse advised Appellants of the possibility that the court would dismiss Count VII in its entirety, which is exactly what the court did when it issued its order.

**\*\*4** Furthermore, the district court granted EquiCredit's motion to dismiss nearly five months after oral argument. During the intervening time, if Appellants believed that the court would dismiss all of their TILA claims-a distinct possibility after the hearing on this motion-they could have sought leave to amend their complaint. After the district court issued its order dismissing those claims, if Appellants believed that they were not given **\*656** proper notice that the rescission claim would be dismissed, they could have sought leave to amend their complaint or filed a motion for reconsideration with the district court. No *Tingler* error occurred.

**B. The TILA Rescission Claim**

On appeal, Appellants argue that the district court erred in dismissing their TILA rescission claim by conflating their claim for damages under TILA with their claim for rescission under TILA. Appellants contend that they are entitled to rescission of the February 29, 2000 loan transaction because EquiCredit did not use the correct form to notify them of their right to rescind the transaction and the form that was used by EquiCredit provided substantially misleading information. According to Appellants, due to EquiCredit's use of the incorrect form at the closing, they had the right to rescind the transaction for up to three years following that violation.

In this case, it is of no consequence that the district court did not distinguish between Appellants' claim for rescission under TILA and their claim for damages under TILA. We may affirm the district court's dismissal on any grounds properly before us. *Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co.,* 772 F.2d 214, 216 (6th Cir.1985).

TILA provides for statutory penalties if the creditor fails to make certain disclosures required under the statute. 15 U.S.C. § 1640(a). To prevail on a claim for damages for violations of TILA, a plaintiff must bring suit within one year from "the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Under § 1635, if the TILA disclosures are never made, the obligor has a continuing right to rescind and that right to rescind is not dependent

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Page 6 of 6

172 Fed.Appx. 652                                                    Page 5

172 Fed.Appx. 652, 2006 WL 455158 (C.A.6 (Mich.)), 2006 Fed.App. 0150N
**(Cite as: 172 Fed.Appx. 652)**

upon the one-year statute of limitations period for a
claim for damages. *Rudisell v. Fifth Third Bank,*
622 F.2d 243 (6th Cir.1980). The obligor's
continuing right of rescission "shall expire three
years after the date of consummation of the
transaction or upon sale of the property, whichever
occurs first, notwithstanding the fact that" the
required disclosures have not been made. 15
U.S.C. § 1635(f).

Pursuant to § 1635(a), Appellants had the right to
rescind the February 29, 2000 transaction until "
midnight of the third business day following the
consummation of the transaction or the delivery of
the information and rescission forms required under
this section together with a statement containing the
material disclosures required under this subchapter,
whichever is later." *Id.* § 1635(a). To state a claim
for rescission of the February 29, 2000 transaction
after that three-day period had elapsed, Appellants
must plead facts that establish that EquiCredit failed
to inform them of their right to rescind the
transaction or failed to make the other required
TILA disclosures. *See Rudisell,* 622 F.2d at 251 ("
[Appellants] only have a right to rescind after the
three day period has passed if the right to rescind
was not disclosed or if other material disclosures
were not made as required."). As to the claim of
rescission under TILA, we agree with the district
court that the facts alleged are not sufficient to state
a claim upon which relief can be granted.

**\*\*5** The Appellants do not allege that EquiCredit
failed to notify them of their right to rescind or that
EquiCredit failed to make other required TILA
disclosures. Instead, they conclude that
EquiCredit's use of the incorrect form "constitut[ed]
a material mis-disclosure which trigger[ed their]
extended right of rescission." (Appellants' Br. 20.)
Appellants equate the use of the incorrect form with
the failure to notify them of their right to rescind.
But as the district court noted in its order **\*657**
granting EquiCredit's motion to dismiss, "[i]t is
undisputed that Plaintiffs signed forms titled '
Notice of Right to Cancel,' which notified Plaintiffs
that they had three days to cancel their loan
agreements with Defendants." The district court,
assuming that the form used by EquiCredit was
technically incorrect, held that the form nonetheless

informed Appellants of their right to cancel the loan
transaction. We agree with this conclusion.
Although the standard for Rule 12(b)(6) dismissals
is quite liberal, Appellants failed to plead facts that
established their right to rescind the February 29,
2000 transaction beyond the three-day rescission
period; therefore, the district court's dismissal of
their TILA claim was proper.

### IV. CONCLUSION

For the reasons stated above, we **AFFIRM** the
decision of the district court.

C.A.6 (Mich.),2006.
Mills v. Equicredit Corp.
172 Fed.Appx. 652, 2006 WL 455158 (C.A.6
(Mich.)), 2006 Fed.App. 0150N

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.