UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————

PATRICK J. VERMURLEN and
SHERRIE R. VERMURLEN,

      Plaintiffs,

vs.

AMERIQUEST MORTGAGE
COMPANY, Mortgagees; AMC
MORTGAGE SERVICES, Assignee;
DEUTSCHE BANK NATIONAL TRUST
COMPANY, as Assignee and/or
Trustee of AMERIQUEST MORTGAGE
SECURITIES, INC.,

      Defendants.

Civil Action No. 1:06-cv-0828

Honorable Wendell A. Miles

---

| | |
|---|---|
| Craig L. Monette (P58420)<br>Attorney for Plaintiffs<br>316 Morris Ave., Suite 310<br>Muskegon, MI 49440<br>231-725-6100 | Mark D. van der Laan (P55921)<br>Sarah E. Heineman (P66202)<br>Attorneys for Ameriquest Mortgage<br>Company, AMC Mortgage Services,<br>Inc., Deutsche Bank National Trust<br>Company, and Ameriquest Mortgage<br>Securities, Inc.<br>Dykema Gossett PLLC<br>300 Ottawa Avenue N.W., Suite 700<br>Grand Rapids, MI 49503<br>(616) 776-7500 |

PLAINTIFFS' REPLY BRIEF IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT

    The Vermurlens are entitled to rescind the Mortgage at issue since Ameriquest did not provide clear and conspicuous notice of their right to rescind for three reasons:

1. The Vermurlens did not receive the appropriate notice because form H-8 was used rather than H-9.

2. Ameriquest provided a form titled – One Week Cancellation Period.

3. The combination of provided two forms of notice with different timeframes is inherently confusing to a consumer.

In their response brief, Defendants provided case law to support their claim that it doesn't matter whether H-8 or H-9 is used. In the unpublished case, *Mills v. Equicredit Corp.*, 172 Fed. Appx. 652; 2006 Fed. App. 0150N; (2006WL455158) (6th Cir. 2006), referenced by the Defendants, the consumer only received one form of notice. The borrowers in the *Santos* case also only received one document. *Santos-Rodriguez v Doral Mortgage Corporation*, --- F.3d ---; (2007WL1153052) (1st Cir. 2007). Defendants do not address the issue of multiple forms of notice being provided to the consumer in their response and the cases cited by Defendant don't address this issue.

The Seventh Circuit opinion in *Handy v Anchor Mortgage Corporation*, 464 F.3d 760 (7th Cir. 2006)[1] follows a line of cases in which the multiple form issue was examined. The *Handy* opinion, which was analyzed in more detail in Plaintiffs' Brief, specifically addresses the situation where a borrower receives two forms at the same time. In this circumstance the court held that the bank's simultaneous provision of both a Form H-8 and H-9 did not meet the Truth in Lending Act's clear and conspicuous disclosure requirement. *Id.* at 764.

---

[1] Plaintiffs acknowledge that the *Handy* case was incorrectly labeled as a 6th Circuit case in their Brief, but properly cited as a 7th Circuit opinion.

In the Vermurlens' case, Ameriquest provided them with two separate and distinct notices which stated different dates. In addition, the forms did not clearly specify the rights that the Vermurlens would forgo if they relied on the one week notice. The combination of the improper notices defeats Ameriquest's claim that the notice provided was clear and conspicuous.

## **Conclusion**

For these reasons and those stated in Plaintiffs' principal brief, Plaintiffs, Patrick and Sherrie Vermurlen respectfully request that the Court grant their Motion for Summary Judgment and find that they properly exercised their rights to rescind the mortgage and that the mortgage is rescinded. In addition, Plaintiffs request an award of reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1640(a)(3).

Dated: May 31, 2007                                    Respectfully submitted,

By: _/s/ Craig L. Monette_
Craig L. Monette (P58420)
Attorney for Plaintiffs
316 Morris Ave., Suite 310
Muskegon, MI  49440
231-725-6100